UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI DIAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOOMBERG, L.P.,<br><br>Defendant. | Case No.: 1:22-cv-07251-JMF |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLOOMBERG L.P.'S
RENEWED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

JONES DAY

Matthew W. Lampe
Terri L. Chase
Kristina A. Yost
Logan S. Kotler
250 Vesey Street
New York, New York 10281
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306
mwlampe@jonesday.com
tlchase@jonesday.com
kyost@jonesday.com
lkotler@jonesday.com

*Attorneys for Defendant Bloomberg L.P.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

    A.    Relevant Factual Background ................................................................................ 2

    B.    Procedural History ................................................................................................. 4

LEGAL STANDARD................................................................................................................... 5

ARGUMENT ................................................................................................................................ 6

I.    PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE PARTIALLY DISMISSED. ........................................................................................................ 6

    A.    Plaintiff Has Not Plausibly Alleged that the FWW Method is an Improper Method of Calculating Her Overtime. .................................................................... 6

    B.    Plaintiff's Allegations that She Worked a Set Schedule and that Her Hours Did Not Meaningfully Fluctuate Does Not Render the FWW Method Inapplicable. ........................................................................................................ 11

II.    PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE PARTIALLY DISMISSED. ...................................................................................................... 13

CONCLUSION ........................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................5

*Condo v. Sysco Corp.*,
  1 F.3d 599 (7th Cir. 1993) .......................................................................................................8

*Debejian v. Atl. Testing Labs., Ltd.*,
  64 F. Supp. 2d 85 (N.D.N.Y. 1999) .......................................................................................14

*Flood v. New Hanover Cnty.*,
  125 F.3d 249 (4th Cir. 1997) .................................................................................................12

*Geise v. Brunswick Cnty., N. Carolina*,
  No. 7:05-CV-42-FL, 2006 WL 8439061 (E.D.N.C. Oct. 23, 2006) ......................................11

*Glob. Network Commc'ns, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006) ....................................................................................................3

*Griffin v. Wake Cnty.*,
  142 F.3d 712 (4th Cir. 1998) .................................................................................................10

*Hayden v. Paterson*,
  594 F.3d 150 (2d Cir. 2010) ....................................................................................................5

*Highlander v. K.F.C. Nat'l Mgmt. Co.*,
  805 F.2d 644 (6th Cir. 1986) .................................................................................................10

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419, 422 (2d Cir. 2011) ........................................................................................2, 5

*Lively v. WAFRA Inv. Advisory Grp., Inc.*,
  6 F.4th 293 (2d Cir. 2021) .......................................................................................................5

*Siegel v. HSBC N. Am. Holdings, Inc.*,
  933 F.3d 217 (2d Cir. 2019) ....................................................................................................5

*Speer v. Cerner Corp.*,
  No. 14-0204-CV-W-HFS, 2015 WL 3541065 (W.D. Mo. June 3, 2015) ...........................6, 8

*Stein v. Guardsmark, LLC*,
   No. 12 Civ. 4739 (JPO), 2013 WL 3809463 (S.D.N.Y. July 23, 2013)
   ............................................................................................................10, 12, 13

*Syeed v. Bloomberg L.P.*,
   568 F. Supp. 3d 314 (S.D.N.Y. 2021)......................................................................................2

*Thomas v. Bed Bath & Beyond, Inc.*,
   309 F. Supp. 3d 121 (S.D.N.Y. 2018).............................................................................10, 11

*Thomas v. Bed Bath & Beyond Inc.*,
   961 F.3d 598 (2d Cir. 2020)........................................................................................8, 11, 12

*Wills v. RadioShack Corp.*,
   981 F. Supp. 2d 245 (S.D.N.Y. 2013).............................................................................6, 7, 9, 13

**STATUTES**

29 U.S.C. § 207(a)(1)......................................................................................................................6

**OTHER AUTHORITIES**

29 C.F.R. § 778.114 ............................................................................................................ passim

Fed. R. Civ. P. 12(b)(6)..................................................................................................................5

Fed. R. Civ. P. 12(c) ............................................................................................................ passim

N.Y. Comp. Codes R. & Regs. Title 12, § 142-2.2 .....................................................................13

Opinion Letter, Dep't of Labor, 2009 WL 648995 (Jan. 14, 2009) .............................................10

**PRELIMINARY STATEMENT**

Defendant Bloomberg L.P. ("Bloomberg" or "Defendant") respectfully submits this Memorandum of Law in Support of its Renewed Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). In her First Amended Complaint (Dkt. 26) ("FAC"), Plaintiff Heidi Diaz ("Plaintiff") pleads four causes of action: (i) unpaid overtime under the Fair Labor Standards Act ("FLSA") ("First Cause of Action"); (ii) unpaid overtime under the New York Labor Law ("NYLL") ("Second Cause of Action"); (iii) violations of the wage notice requirements under the NYLL ("Third Cause of Action"); and (iv) violations of the wage statement provisions of the NYLL ("Fourth Cause of Action"). Through this Motion, Bloomberg seeks partial dismissal of Plaintiff's First and Second Causes of Action insofar as they claim that Bloomberg paid Plaintiff overtime at an incorrect rate under the FLSA and NYLL by using the fluctuating workweek ("FWW") method of paying overtime.

Plaintiff's First Cause of Action alleges two distinct violations of the FLSA—first, that Bloomberg failed to pay overtime for all hours worked; and second, that Bloomberg paid overtime using an incorrect half-time rate. As to this second claim, Plaintiff contends that Bloomberg improperly used the FWW method of paying overtime. This part of her claim fails on the face of the FAC and should be dismissed under Rule 12(c). Specifically, Plaintiff fails to assert any facts that plausibly suggest that Bloomberg failed to meet the requirements for paying her at the half-time rate sanctioned by the FWW method. Rather, the FAC allegations confirm that Bloomberg satisfied each element of the FWW standard. Thus, Plaintiff's FWW claim should be dismissed.

Plaintiff's Second Cause of Action asserts essentially the same two claims for unpaid overtime and an improper overtime rate, but under the NYLL. Because the NYLL follows the FLSA in regard to the FWW method and expressly incorporates the FLSA, as amended, into its

overtime provisions, Plaintiff's claim that Bloomberg paid overtime at an incorrect rate under the NYLL should be dismissed for the same reasons that her FLSA overtime rate claim should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Relevant Factual Background

Plaintiff was employed by Bloomberg from January 13, 2014 to July 6, 2022. (FAC ¶ 13). She was initially hired as a Customer Service Representative in Bloomberg's Global Customer Support Department, and later worked as an Installations Coordinator in Bloomberg's Installations Department. (*Id.* ¶ 14). In or around July or August 2017, Plaintiff became a Human Resources Specialist ("HR Specialist") in Bloomberg's Human Resources Department. (*Id.* ¶ 15). Plaintiff remained in the HR Specialist role until the termination of her employment on July 6, 2022. (*Id.*).

In or around March 2019, Plaintiff's role was reclassified as non-exempt and eligible to receive overtime pay. (*Id.* ¶ 45).[2] In connection with her reclassification, Plaintiff received a Notice and Acknowledgment of Pay Rate and Pay Day dated March 1, 2019 (the "Notice"), which informed her, among other things, of her overtime eligibility and overtime rate. (*See id.* ¶¶ 28, 46).[3] The notice reflects that Plaintiff's salary as of March 2019 was $86,000 (i.e., a fixed weekly salary of $1,653.85), and included an acknowledgement that:

---

[1] Bloomberg treats the facts alleged in the FAC as true solely for purposes of this Motion, and without admission for any other purpose.

[2] The relevant time period for Plaintiff's claims thus begins on March 1, 2019. (*See id.* ¶¶ 15, 28, 45).

[3] In deciding a Rule 12(c) motion for judgment on the pleadings, a court may consider documents that are incorporated by reference in or "integral to the complaint," like the Notice is here. *See, e.g.*, *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is … deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."). "A document is 'integral to the complaint' if the complaint 'relies heavily' on the document's 'terms and effect.'" *Syeed*, 568 F. Supp. 3d at 328 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016)). Here, the Notice is both incorporated by reference and "integral" to the FAC because Plaintiff relies on—

2

> My weekly compensation for this role will consist of two components: (1) a fixed base weekly salary; and (2) an additional amount for all hours above 40 that I work during a week. I acknowledge that I understand that my fixed base weekly pay is compensation for all the hours worked in a week. I acknowledge that Bloomberg will pay me this fixed base salary for each week that I work, whether I work more than or fewer than 40 hours that week, subject to the Company's sick day and leave policies. I further understand that my actual hours worked will fluctuate depending on the needs of the department and Bloomberg's clients. Bloomberg will pay an additional 50% overtime premium for hours worked in excess of 40 hours in a week[.]

(Dkt. 22-1, Declaration of Jennifer Behm ("Behm Decl."), Ex. A). Plaintiff signed this acknowledgement on March 1, 2019. (*Id.*).

During the relevant time period, Plaintiff claims she "was paid as a salaried employee with a set and fixed schedule" of 8 a.m. to 5 p.m., Monday to Friday. (*Id.* ¶ 17). Despite this allegedly "set and fixed schedule," Plaintiff claims she also "routinely worked hours for which she was not paid, including before the start of her scheduled shifts, during meal breaks, after the end of her shifts, on weekends or on days off, and remotely from home." (*Id.* ¶ 18). She claims she "worked beyond the end of her scheduled shift" "nearly every day throughout her employment," and that she "often worked until 6 p.m., despite that her shift was scheduled to end at 5 p.m." (*Id.* ¶ 20). For example, from April 16, 2022 to April 30, 2022, Plaintiff claims that she worked approximately 30 minutes to 1 hour after her shift on at least 4 occasions and worked through her meal break approximately 6 times. (*Id.* ¶ 27). Plaintiff claims that during a different time period, she worked an additional 8 hours beyond her scheduled shift. (*Id.* ¶¶ 24, 27, 53).

---

and quotes from—the Notice in framing her claim that Bloomberg improperly used the FWW method. (*See, e.g.*, FAC ¶ 46 (quoting from document to describe Bloomberg's pay practices), ¶ 28 (alleging that the document "misrepresent[ed] that the practice was appropriate"). Moreover, where, as here, a plaintiff quotes only selectively from a document, but the document in its entirety would "undermine the legitimacy of the plaintiff's claim," the court may consider the document on a motion for judgment on the pleadings. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (citing *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196–97 (2d Cir. 2005)).

Plaintiff further alleges that she generally worked through lunch at least 2 to 3 times per week. (*Id.* ¶ 26).

On the occasions she "did receive overtime for hours worked beyond her scheduled shift," Plaintiff was "paid one-half of her regular rate." (*Id.* ¶ 24, *see also id.* ¶ 27). For example, "during the pay period of May 1, 2022 to May 15, 2022, Plaintiff was paid for 8 hours of overtime at the rate of $18.23, which was one-half of her regular rate." (*Id.* ¶ 24).

### B. Procedural History

On August 25, 2022, Plaintiff filed this action on behalf of herself and others similarly situated, alleging, *inter alia*, unpaid overtime and minimum wage violations under the FLSA and the NYLL and unpaid straight wages under the NYLL. (*See* Dkt. 1). On October 3, 2022, Bloomberg filed its answer (Dkt. 19) and moved for partial judgment on the pleadings, seeking partial dismissal of Plaintiff's Complaint. (Dkt. 20, 21). Specifically, Bloomberg moved for (i) judgment on Plaintiff's minimum wage claims under the FLSA and the NYLL; (ii) Plaintiff's claim for unpaid straight wages under the NYLL; and (iii) Plaintiff's claims that Bloomberg paid overtime at an improper half-time rate under the FLSA and the NYLL.

On October 6, 2022, the Court entered an order, *inter alia*, granting Plaintiff leave to amend her Complaint by October 24, 2022. (*See* Dkt. 25). The order stated that "Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." (*Id.*).

On October 24, 2022, Plaintiff filed the FAC, (Dkt. 26), whereby Plaintiff: (i) dropped her allegations and claims regarding minimum wage violations under the FLSA and the NYLL; (ii) dropped her cause of action for nonpayment of straight wages under the NYLL; and (iii) amended her allegations regarding her work hours. (*See generally* Dkt. 26-2).

4

## **LEGAL STANDARD**

The standard for granting a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citing *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (same). "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively*, 6 F.4th at 301 (quoting *Hayden*, 594 F.3d at 160). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Although a court must accept all well-pleaded facts alleged in the complaint as true and "draw[ ] all reasonable inferences in the plaintiffs' favor," a court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 222 (2d Cir. 2019) (internal citations and quotations omitted). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Plausibility … depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc.*, 647 F.3d at 430 (citing *Iqbal*, 556 U.S. at 673–84).

**ARGUMENT**

I.  **PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE PARTIALLY DISMISSED.**

In Plaintiff's First Cause of Action, she asserts she was not paid overtime for all hours worked, and that her overtime was paid at an incorrect rate of one-half of her regular rate. (*See* FAC ¶¶ 28, 78–88). This second aspect of Plaintiff's claim—that Plaintiff was paid an incorrect rate—should be dismissed because Plaintiff fails to plead facts plausibly challenging the applicability of the FWW method of calculating overtime. *See, e.g.*, *Speer v. Cerner Corp.*, No. 14-0204-CV-W-HFS, 2015 WL 3541065, at *2–3 (W.D. Mo. June 3, 2015) (dismissing plaintiff's "claims based on the alleged inapplicability of the [FWW] method of calculating overtime obligations" as "legally unsound").

    A.  **Plaintiff Has Not Plausibly Alleged that the FWW Method is an Improper Method of Calculating Her Overtime.**

For every hour a nonexempt employee works above 40 in a given week, the FLSA requires employers to pay "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). For employees paid a fixed weekly salary for hours that fluctuate from week to week, "employers are permitted to use the FWW method to comply with the FLSA's overtime requirement." *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 254 (S.D.N.Y. 2013) (citing *O'Brien v. Town of Agawam*, 350 F.3d 279, 287 (1st Cir. 2003)). When the FWW method applies, "the minimum overtime rate required by the FLSA is only half-time (i.e., 50% of the regular rate), rather than time-and-a-half (150%)." *Id.* (citing *O'Brien*, 350 F.3d at 286-87). "Paying the employee one-half of the 'regular rate' for all hours worked above 40 for the week 'satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.'" *Wills*, 981 F. Supp. 2d at 255 (quoting 29 C.F.R. § 778.114(a)); *see also* 29 C.F.R. § 778.114(a)(5) (West 2020)

6

("Payment for overtime hours at not less than one-half such rate satisfies the overtime pay requirement because such hours have already been compensated at the straight time rate by payment of the fixed salary and non-excludable additional pay.").[4]

Five conditions must be satisfied in order for an employer to use the FWW method as an appropriate means of calculating overtime under the FLSA:

> (a) An employer may use the fluctuating workweek method to properly compute overtime compensation based on the regular rate for a nonexempt employee under the following circumstances:
>
> (1) The employee works hours that fluctuate from week to week;
>
> (2) The employee receives a fixed salary that does not vary with the number of hours worked in the workweek, whether few or many;
>
> (3) The amount of the employee's fixed salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours the employee works is greatest;
>
> (4) The employee and the employer have a clear and mutual understanding that the fixed salary is compensation … for the total hours worked each workweek regardless of the number of hours, although the clear and mutual understanding does not need to extend to the specific method used to calculate overtime pay; and
>
> (5) The employee receives overtime compensation … for all overtime hours worked at a rate of not less than one-half the employee's regular rate of pay for that workweek.

29 C.F.R. § 778.114(a) (West 2020).[5]

Plaintiff bases her improper overtime rate claim on Bloomberg's alleged "misuse of the FWW method" of calculating overtime. (*See, e.g.*, FAC ¶ 84). Yet, despite amending her Complaint, Plaintiff still fails to plausibly allege in the FAC that any of the FWW conditions are

---

[4] "In other words, because the fixed salary compensates the employee for all the hours worked that week-whether more or less than 40—paying an additional 50% of the 'regular rate' for every hour above 40 complies with the FLSA's requirement that employers pay time-and-a-half for overtime hours." *Wills*, 981 F. Supp. 2d at 255.

[5] This regulation was amended in 2020 but its requirements did not materially change from the prior version of the regulation, 29 C.F.R. § 778.114(a) (West 2011).

lacking; rather, and to the contrary, her allegations confirm that all required conditions were met and that FWW was a proper method of calculating her overtime rate.

*First*, Plaintiff fails to allege that her hours of work did not fluctuate from week to week. *See* 29 C.F.R. § 778.114(a)(1).  Plaintiff's allegations, rather, reflect that her hours *did* vary from week to week.  (*See, e.g.*, FAC ¶ 27 (alleging that during the pay period of April 16, 2022 to April 30, 2022, Plaintiff worked approximately 30 minutes to 1 hour after her shift on at least 4 occasions and worked through her meal break approximately 6 times); *id.* ¶ 27 (alleging Plaintiff worked an additional 8 hours beyond her scheduled shift during a different pay period); *id.* ¶ 26 (alleging Plaintiff worked through lunch at least 2 to 3 times per week).  The Second Circuit (as well as others) has explicitly held that this type of variation—even if only above 40 hours in a week—constitutes fluctuation for purposes of Section 778.114.  *See Thomas v. Bed Bath & Beyond Inc.*, 961 F.3d 598, 611 (2d Cir. 2020) (holding that "employers may calculate overtime using th[e FWW] method irrespective of whether the number of hours employees work each week fluctuates above and below the FLSA limit");[6] *see also, e.g.*, *Condo v. Sysco Corp.*, 1 F.3d 599, 602 (7th Cir. 1993) (finding that FWW regulation applied "although [employee] never worked fewer than forty hours each week"); *Speer*, 2015 WL 3541065, at *1–3 (dismissing claims based on alleged inapplicability of the FWW method where plaintiffs were allegedly never scheduled for less than 40 hours in a workweek, and defendant allegedly had a policy precluding reduced hours of work per week, finding that "plaintiffs' contention that [FWW] method … cannot be used when the work week is never less than 40 hours is legally unsound").

---

[6] The *Thomas* decision addressed the FWW regulation before it was amended in August 2020; however, the Second Circuit noted that "[a]lthough the latest revisions to 29 C.F.R. § 778.114 do not go into effect until August 2020, we note that our holding today is consistent with these revisions." *Thomas*, 961 F.3d at 611 (quoting 85 Fed. Reg. at 34,975 ("The [DOL] is ... clarifying that the regulation does not require that an employee's hours must sometimes fluctuate below forty hours per week ....")).

***Second***, Plaintiff does not allege that her fixed salary ever varied based on the number of hours she worked in a week. *See* 29 C.F.R. § 778.114(a)(2); *see also, e.g.*, *Wills*, 981 F. Supp. 2d at 255. To the contrary, Plaintiff expressly concedes she was "paid as a salaried employee," (FAC ¶ 17), and that she was "paid a *fixed rate* based on her 8-hour-per-day schedule, *regardless of the time she spent working before and after her scheduled shift*." (*Id.* ¶ 20 (emphasis added)).

***Third***, Plaintiff does not allege that the amount of her fixed salary was insufficient to compensate her "at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours the employee works is greatest." *See* 29 C.F.R. § 778.114(a)(3). Indeed, she dropped her minimum wage claim in the FAC. (*See generally* Dkt. 26-2). Moreover, the Notice Plaintiff received in March 2019 shows that she was paid a salary of $86,000 in 2019. (*See* Behm Decl., Ex. A; *see also* FAC ¶¶ 28, 46). Based on Plaintiff's $86,000 annual salary, Plaintiff would need to allege working more than **228** hours in a workweek (i.e., more hours than there are in a week) in order for her average hourly rate to fall below the federal minimum wage rate of $7.25 per hour.[7]

***Fourth***, Plaintiff does not allege any lack of a clear and mutual understanding between her and Bloomberg that her salary was compensation for the total hours she worked each workweek, regardless of how many. *See* 29 C.F.R. § 778.114(a)(4). Plaintiff—herself an HR Specialist—concedes that she received the Notice when her role became non-exempt in March 2019. (FAC ¶¶ 28, 46). In addition to her salary and overtime rate of pay, the notice includes the following acknowledgement, which Plaintiff signed on March 1, 2019:

> My weekly compensation for this role will consist of two components: (1) a fixed base weekly salary; and (2) an additional amount for all hours above 40 that I work during a week. I acknowledge that I understand that my fixed base weekly

---

[7] Plaintiff's fixed weekly salary of $1,653.85 divided by the federal minimum wage of $7.25 an hour results in 228 hours ($1,653.85 ÷ $7.25 = 228.12). This number divided by 7 days in a week results in over 32 hours per day, seven days per week (228.12 ÷ 7 = 32.59).

9

> pay is compensation for all the hours worked in a week. I acknowledge that Bloomberg will pay me this fixed base salary for each week that I work, whether I work more than or fewer than 40 hours that week, subject to the Company's sick day and leave policies. I further understand that my actual hours worked will fluctuate depending on the needs of the department and Bloomberg's clients. Bloomberg will pay an additional 50% overtime premium for hours worked in excess of 40 hours in a week.

(Behm Decl., Ex. A). Courts in this district and others consistently find a clear and mutual understanding based on these types of acknowledgements, and far less. *See, e.g.*, *Thomas v. Bed Bath & Beyond, Inc.*, 309 F. Supp. 3d 121, 138–39 (S.D.N.Y. 2018) (holding similar acknowledgements sufficient to satisfy clear and mutual understanding element), *aff'd*, 961 F.3d 598 (2d Cir. 2020); *Stein v. Guardsmark, LLC*, No. 12 Civ. 4739 (JPO), 2013 WL 3809463, at *7–10 (S.D.N.Y. July 23, 2013) (finding "clear mutual understanding" without an express acknowledgement); *Highlander v. K.F.C. Nat'l Mgmt. Co.*, 805 F.2d 644, 648 (6th Cir. 1986) (affirming district court's finding of clear mutual understanding where employee signed form explaining calculation of overtime under the fluctuating workweek method); *Griffin v. Wake Cnty.*, 142 F.3d 712, 716 (4th Cir. 1998) ("Written acknowledgments are not required to satisfy section 778.114 … But securing such acknowledgments is certainly probative of the employees' clear understanding of the fluctuating workweek plan."); *see also* Opinion Letter, Dep't of Labor, 2009 WL 648995, at *2 (Jan. 14, 2009) ("Where an employee continues to work and accept payment of a salary for all hours of work, her acceptance of payment of the salary will validate the fluctuating workweek method of compensation as to her employment."). Accordingly, Plaintiff has not alleged—and cannot plausibly plead—that Bloomberg failed to satisfy this condition.

*Fifth*, and finally, Plaintiff still fails to allege that she received overtime compensation at a rate of *less than* one-half of her respective regular rate of pay in any workweek. *See* 29 C.F.R.

10

§ 778.114(a)(5). Starkly to the contrary, Plaintiff expressly concedes that on the occasions she did receive overtime for hours worked beyond her scheduled shift, she was paid at a rate of "one-half of her regular rate." (*See, e.g.*, FAC ¶¶ 24, 27, 53). *Cf., e.g.*, *Geise v. Brunswick Cnty., N. Carolina*, No. 7:05-CV-42-FL, 2006 WL 8439061, at *5 (E.D.N.C. Oct. 23, 2006) (granting employer summary judgment on FWW claim, where among other things, "[t]he fifth requirement, a fifty (50) percent or half-rate overtime premium, is also undisputed").

Because Plaintiff has failed to plausibly state a claim that the FWW method was an improper method of calculating her overtime under the FLSA, her claim should be dismissed under Rule 12(c) and the issue eliminated from this litigation.

### B. Plaintiff's Allegations that She Worked a Set Schedule and that Her Hours Did Not Meaningfully Fluctuate Does Not Render the FWW Method Inapplicable.

Unable to plead facts plausibly demonstrating noncompliance with the FWW requirements, Plaintiff instead claims she worked according to a "set and fixed" schedule and that her hours did not "materially" or "meaningfully" fluctuate from week to week. (*See* FAC ¶¶ 18, 28, 29). Even if accepted as true, these allegations fail to render FWW improper as a matter of law.

Plaintiff first alleges that she "always worked according to a set and fixed schedule." (*Id.* at ¶ 28). However, under Second Circuit precedent, it does not matter whether employees' *scheduled* hours vary; rather, only their *actual* hours must vary. In *Thomas v. Bed Bath & Beyond Inc.*, this district held that the FWW method applied where employees' *actual* work hours varied, even where they "were *scheduled* to work [the same] 47.5 hours" each week. 309 F. Supp. 3d at 127, 137–38 (emphasis added). This held true even though the fluctuation was only above 40 hours. *See id*. at 138 (holding "the governing regulations do not require an employment arrangement in which weekly hours necessarily fluctuate above and below 40. The

11

regulations require simply that weekly hours fluctuate") (citation omitted). The Second Circuit affirmed this ruling. *Thomas*, 961 F.3d at 610–11 ("[W]e … hold that the FWW method does not require weekly schedules to fluctuate above and below the FLSA non-overtime limit of 40 hours per week."). Thus, just like in *Thomas*, Plaintiff's allegation that her *scheduled* hours did not vary is of no moment.

Plaintiff's allegations that her hours did not "materially" or "meaningfully" fluctuate are likewise of no legal relevance to her claim that FWW cannot apply. (*See* FAC ¶¶ 18, 29). All that is required for the FWW method to apply is that the "employee works hours that fluctuate from week to week"—there is no materiality requirement. *See* 29 C.F.R. § 778.114(a)(1); *see also Stein*, 2013 WL 3809463, at *4 ("An employee's hours fluctuate when they 'vary, from workweek to workweek'") (citing *Flood*, 125 F.3d at 253). In *Stein*, the court held the plaintiff's hours fluctuated for purposes of the FWW method, even where her hours fluctuated only "between 50 and 55 hours" in most workweeks. *Id.* at *4.

Instead, what matters is that Plaintiff repeatedly concedes that her actual work hours did in fact vary from week to week, (*see, e.g.*, FAC ¶¶ 20, 24, 26, 27, 53), and that she received the same fixed weekly salary regardless of the number of hours she worked. (*See id.* ¶¶ 17, 20). *See Thomas*, 961 F.3d 598, 610 (2d Cir. 2020) (recognizing "it is instead the weekly guarantee that is foundational to the FWW method"). Also, like in *Stein*, Plaintiff's allegations reflect day-to-day fluctuation (*see, e.g.*, FAC ¶¶ 26, 27), which further "bolsters the case for concluding that [her] schedule fluctuated within the meaning of the term." *Stein*, 2013 WL 3809463, at *4. Accordingly, even if Plaintiff's allegations regarding her claimed set schedule and hours that did not materially fluctuate were accepted as true, they fail to render FWW improper as a matter of law and do not alter the conclusion that her improper rate claim should be dismissed.

## II.   PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE PARTIALLY DISMISSED.

Like Plaintiff's First Cause of Action, Plaintiff's Second Cause of Action asserts that she was not paid overtime for all hours worked, and that her overtime was paid at an incorrect rate under the NYLL.  (*See* FAC ¶ 93).  Plaintiff's Second Cause of Action should be partially dismissed as to the second claim, as Plaintiff fails to state a claim that Bloomberg paid her overtime at an improper rate under the NYLL by using the FWW method.

For the same reasons that Plaintiff's FWW claim fails under the FLSA, Plaintiff likewise fails to state a claim that she was paid an improper overtime rate under the NYLL.[8]  The NYLL adopts the FLSA's overtime pay requirements.  *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended").  Accordingly, courts applying the NYLL's overtime provisions follow the federal regulations regarding use of the FWW method to calculate overtime.  *See, e.g.*, *Wills*, 81 F. Supp. 2d at 252–53 (in holding that defendant's "use of the FWW method was lawful under the NYLL," court reasoned that "NYDOL's regulations as to overtime pay under the NYLL … both incorporate and track the FLSA," and that "[o]n this basis, the New York [and federal] courts have consistently held that the NYLL follows the FLSA in how it calculates statutorily required overtime pay"); *Stein*, 2013 WL 3809463, at *12 n.6  (granting employer summary judgment on

---

[8] Notably, although the minimum wage rate is higher in New York than under federal law, Plaintiff does not plausibly allege that she was ever compensated "at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours the employee works is greatest." *See* 29 C.F.R. § 778.114(a)(3).  To that end, Plaintiff would need to allege having worked over 15 hours per day for seven days in a week.  (Plaintiff's fixed weekly salary of $1,653.85 divided by the New York minimum wage of $15.00 per hour results in 110 hours ($1,653.85 ÷ $15.00 = 110.26), which, divided by 7 days in a week results in over 15 hours per day, seven days per week (110.26 ÷ 7 = 15.75)).

13

FWW claim under NYLL for same reasons as under FLSA); *Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 87 n.1 (N.D.N.Y. 1999) ("Review of New York State regulations ... reveals that they are substantially similar to the federal scheme.") (citing N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.2, 142-2.16).

Accordingly, the Court should dismiss Plaintiff's claim that she was paid an improper overtime rate under the NYLL under Rule 12(c).

## CONCLUSION

For the foregoing reasons, Bloomberg respectfully requests that this Court grant Bloomberg's Renewed Motion for Partial Judgment on the Pleadings.

Dated: November 14, 2022  
New York, New York

JONES DAY,

/s/ Kristina A. Yost
Matthew W. Lampe
Terri L. Chase
Kristina A. Yost
Logan S. Kotler
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
mwlampe@jonesday.com
tlchase@jonesday.com
kyost@jonesday.com
lkotler@jonesday.com

*Attorneys for Defendant Bloomberg L.P.*