UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI DIAZ, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>BLOOMBERG, L.P.,<br><br>      Defendant. | Case No.: 1:22-cv-07251-JMF |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR
<u>PARTIAL JUDGMENT ON THE PLEADINGS</u>**

              Lee S. Shalov
              Brett R. Gallaway
              Jason S. Giaimo
              McLAUGHLIN & STERN, LLP
              260 Madison Ave.
              New York, NY 10016
              Telephone: (212) 448-1100
              lshalov@mclaughlinstern.com
              bgallaway@mclaughlinstern.com
              jgiaimo@mclaughlinstern.com

              *Attorneys for Plaintiff, the FLSA
              Collective Class and the New York Class*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTS .............................................................................................................................................. 3

STANDARD ON THIS MOTION ............................................................................................. 5

ARGUMENT .................................................................................................................................... 6

    I.   THE FLUCTAUTING WORKWEEK METHOD ............................................. 6

    II.  PLAINTIFF SUFFICIENTLY PLEADS CLAIMS FOR VIOLATIONS OF
         THE FLSA AND NYLL BASED ON DEFENDANT'S IMPROPER USE
         OF THE FWW METHOD OF CALCULATING OVERTIME ....................... 8

CONCLUSION ............................................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Ikon Office Solutions, Inc.*,
    833 N.Y.S.2d 1 (1st Dep't 2007) .................................................................................. 9, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................ 6

*Ayers v. SGS Control Services, Inc.*,
    2007 WL 646326 (S.D.N.Y. Feb. 27, 2007) ....................................................................... 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 6

*Burnette v. Carothers*,
    192 F.3d 52 (2d Cir. 1999) .................................................................................................. 5

*Cleveland v. Caplaw Enters.*,
    448 F.3d 518 (2d Cir. 2006) ................................................................................................ 5

*Dingwall v. Friedman Fisher Associates, P.C.*,
    3 F. Supp. 2d 215 (N.D.N.Y. 1998) .................................................................................... 8

*Geise v. Brunswick Cnty., N. Carolina*,
    No. 7:05-CV-42-FL, 2006 WL 8439061 (E.D.N.C. Oct. 23, 2006) ................................. 11

*Goldman v. Belden*,
    754 F.2d 1059 (2d Cir. 1985) .............................................................................................. 6

*Hunter v. Sprint Corp.*,
    453 F. Supp. 2d 44 (D.D.C. 2006) ...................................................................................... 8

*Klein v. Torrey Point Group, LLC*,
    979 F. Supp. 2d 417 (S.D.N.Y. 2013) ............................................................................... 10

*LaFaro v. New York Cardiothoracic Grp., PLLC*,
    570 F.3d 471 (2d Cir. 2009) ................................................................................................ 6

*Martinez v. Hilton Hotels Corp.*,
    930 F. Supp. 2d 508 (S.D.N.Y. 2013) ................................................................................. 8

*Monahan v. Chesterfield*,
    95 F.3d 1263 (4th Cir. 1996) .............................................................................................. 8

*O'Neill v. Mermaid Touring Inc.*,
    968 F. Supp. 2d 572 (S.D.N.Y. 2013) ............................................................................... 15

*Perez v. Platinum Plaza 400 Leaners, Inc.*,
   2015 WL 1881080 (S.D.N.Y. Apr. 24, 2015) .................................................................. 6

*Ramos v. Telgian Corp.*,
   176 F. Supp. 3d 181 (E.D.N.Y. 2016) ............................................................................ 9

*Russell v. Wells Fargo & Co.*,
   672 F. Supp. 3d 1008 (N.D. Cal. 2009) ........................................................................ 10

*Sellers v. M.C. Floor Crafters, Inc.*,
   842 F.2d 639 (2d Cir. 1988) ........................................................................................... 6

*Siegel v. Bloomberg L.P.*,
   2015 WL 223781 (S.D.N.Y. Jan. 16, 2015) ................................................................. 14

*Speer v. Cerner Corp.*,
   2015 WL 3541065 (W.D. Mo. June 3, 2015) .............................................................. 14

*Stein v. Guardsmark, LLC*,
   2013 WL 3809463 (S.D.N.Y. July 23, 2013) .................................................. 10, 12, 13

*Stokes v. Norwich Taxi, LLC*,
   289 Conn. 465 (2008) ..................................................................................................... 8

*Teblum v. Eckerd Corp. of Fla., Inc.*,
   2006 WL 288932 (M.D. Fla. Feb. 7, 2006) ................................................................. 15

*Thomas v. Bed Bath & Beyond Inc.*,
   961 F.3d 598 (2d Cir. 2020) ......................................................................................... 13

*Wills v. RadioShack Corp.*,
   981 F. Supp. 2d 245 (S.D.N.Y. 2013) .......................................................................... 14

*Yeboah v. Cent. Parking Sys.*,
   2007 WL 3232509 (E.D.N.Y. Oct. 31, 2007) ................................................................ 7

**Statutes**

29 C.F.R. § 778.114 .............................................................................................. passim

29 U.S.C. § 207(a)(1) .................................................................................................... 6

Fed R. Civ. P. 12(c) ...................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 5, 6

New York Labor Law ........................................................................................ 6, 9, 15

Plaintiff Heidi Diaz ("Plaintiff"), on behalf of herself and all others similarly situated, respectfully submits this memorandum of law in opposition to the renewed motion of Defendant Bloomberg, L.P. ("Defendant" or "Bloomberg") for partial judgment on the pleadings (the "Motion").

## PRELIMINARY STATEMENT

Conceding, as it must, that Plaintiff states viable claims for relief for Defendant's alleged failure to pay overtime for all hours worked, Defendant brings this Motion seeking only *partial* judgment on the pleadings based exclusively on its contention that it appropriately used the fluctuating workweek ("FWW") method for calculating the overtime rate for Plaintiff and the proposed class.  Defendant, however, overlooks or ignores the well-pleaded allegations in the First Amended Complaint ("FAC") in a futile effort to obtain early dismissal of portions of Plaintiff's First and Second Causes of Action.

Undeniably, Plaintiff sufficiently alleges that Defendant failed to pay Plaintiff and other similarly situated employees overtime for all hours worked for Defendant.  Recognizing as such, Defendant does not seek dismissal of those claims.  Instead, Defendant erroneously contends that those portions of Plaintiff's First and Second Causes of Action which seek unpaid overtime at the rate of one and one-half times Plaintiff's regularly hourly rate should be dismissed because Plaintiff has purportedly not plausibly alleged that the FWW method is an improper method of calculating her overtime.

As an initial matter, Defendant mistakenly seeks to impose upon Plaintiff the burden of demonstrating that the FWW method is an improper method of calculating overtime.  To be sure, it is Defendant's burden to demonstrate that it has satisfied all five elements necessary to take advantage of the FWW method as codified in 29 C.F.R. § 778.114.  Defendant has failed to do so. Indeed, is undisputed that to utilize the FWW method of compensating overtime at the rate of one-

half the employee's regular rate of pay, rather than one and one-half times the employee's regular rate of pay, the employer must satisfy five criteria, including that the "employee receives overtime compensation *for all overtime* hours worked." *See* 29 C.F.R. § 778.114(5) (emphasis added). Defendant has not, and cannot, demonstrate that Plaintiff received "overtime compensation for all overtime hours worked."

And, in any event, even if it were Plaintiff's burden (which it is not) to plausibly plead that the FWW method is an improper method of calculating her overtime, Plaintiff has done just that. In point of fact, Defendant concedes that Plaintiff plausibly pleads that she did not receive overtime compensation for all overtime hours worked. Accepting the allegations in the FAC as true, as the Court must on this Motion, Plaintiff plausibly alleges that the FWW method is an improper method of calculating her overtime rate. For this reason alone, Defendant's Motion must be denied.

If that were not enough (which it is), Plaintiff also sufficiently alleges that her actual hours worked did not meaningfully and materially fluctuate from week-to-week, another essential element for application of the FWW method. As alleged in the FAC, Plaintiff's schedule was fixed, but she routinely worked hours above and beyond her schedule for which she was not paid. Defendant fixates on these off-the-clock allegations in arguing that Plaintiff somehow thereby concedes that her hours fluctuated from week-to-week. Not so. Plaintiff plausibly alleges that the hours she worked off-the-clock were materially the same week-to-week. For example, Plaintiff alleges that although she was scheduled to work until 5:00 PM, she routinely worked until 6:00PM. Therefore, Plaintiff sufficiently alleges that her hours did not materially fluctuate from week-to-week.

Finally, even assuming the Court agrees with Defendant that it may avail itself of the FWW method, which it should not, Defendant's Motion does little to advance the litigation. Defendant

merely seeks a determination as to the proper rate of pay to apply in calculating the amount of unpaid overtime owed to Plaintiff and other class members. The Motion, even if granted, is not dispositive of the claims at issue. Based on the detailed and well-pleaded allegations in the FAC, Plaintiff should be permitted to obtain discovery not just regarding the off-the-clock hours she alleges she worked but was not paid, but also Defendant's attempted use of the FWW method.

For these reasons, as further set forth herein, Defendant's Motion should be denied in its entirety.

## FACTS

Plaintiff respectfully refers the Court to the FAC for a complete and detailed recitation of the facts, which as Defendant recognizes,[1] must be accepted as true for the purposes of this Motion. For the Court's ease of reference, however, Plaintiff briefly restates the pertinent facts here.

Plaintiff was initially hired by Bloomberg in January 2014 as a Customer Service Representative but was transferred to Bloomberg's Installations Department as an Installations Coordinator in September 2016, and thereafter transferred to Bloomberg's Human Resources Department as a Human Resources Specialist in or around July or August 2017. *See* FAC ¶¶ 13-15. Throughout the entirety of her employment with Defendant, Plaintiff was paid as a salaried employee with a set and fixed schedule. *See id.* at ¶ 17. After transferring to the Human Resources Department, Plaintiff was initially scheduled to work from 10:00 a.m. to 7:00 p.m., Monday to Friday. *See id.* Beginning in or around October 2017 through the end of her employment with Defendant, Plaintiff was scheduled to work from 8:00 a.m. to 5:00 p.m., Monday to Friday. *Id.*

In March 2019, Plaintiff's supervisor informed Plaintiff that she was being converted from an exempt employee to a non-exempt employee and presented Plaintiff with a Notice of

---

[1] *See* Defendant's Memorandum of Law in Support of Renewed Motion for Partial Judgment on the Pleadings ("Def. Br.") at n. 1.

Acknowledgment of Pay Rate and Pay Day, which informed Plaintiff that although she was classified by Defendant as eligible to receive overtime pay for all hours worked over 40 hours per week, her overtime rate of pay would be one-half her weekly rate of pay, and not the appropriate time-and-one-half rate of pay.  *See id.* at ¶ 28.  Plaintiff's schedule and hours worked did not materially change after being informed that she was being converted to a non-exempt employee.  *See id.* at ¶ 30.

Despite having a set and fixed schedule, Plaintiff routinely worked hours for which she was not paid, including before and after her regularly fixed schedule.  *See id.* at ¶ 18.  Indeed, Plaintiff routinely worked in excess of 40 hours in a week, but did not receive overtime for those hours, having only received overtime pay on a few occasions throughout her employment.  *See id.* at ¶ 31.  Although Plaintiff routinely worked hours for which she was not paid, the hours that she worked did not meaningfully fluctuate week-to-week, with Plaintiff regularly working the same or substantially similar hours per week beyond her scheduled hours.  *See id.* at ¶ 18.  Specifically, nearly every day throughout her employment Plaintiff worked beyond the end of her scheduled shift, routinely leaving Bloomberg well after 5:00 p.m. each day.  *See id.*  In fact, Plaintiff often worked until 6:00 p.m., despite that her shift was scheduled to end at 5:00 p.m.  *See id.*  Plaintiff, however, was not compensated for this additional time.  *See id.*  Instead, Plaintiff was paid a fixed rate based on her 8-hour-per-day schedule, regardless of the time she spent working before and after her scheduled shift.  *See id*.

During the entirety of Plaintiff's employment with Defendant, Plaintiff always worked according to a set and fixed schedule, which never fluctuated (other than the fact that Plaintiff routinely worked before and after the start of her scheduled shifts and during uncompensated meal breaks).  *See id.* at ¶ 28.  Plaintiff's hours worked did not materially fluctuate from week-to-week.

*See id.* at ¶ 29. Her scheduled shift remained constant from week-to-week, and the additional hours Plaintiff worked beyond her scheduled shift for which she was not compensated were similar or substantially the same from week-to-week, with Plaintiff routinely working approximately 30 minutes to 1 hour after her scheduled shift each day and through nearly the entirety of her meal break each day. *See id.*

Defendant was well aware that Plaintiff and other similarly situated employees worked beyond their scheduled shifts. *See id.* at ¶ 21. On numerous occasions, Plaintiff's manager observed Plaintiff working after the end of her scheduled shift, but did nothing to ensure Plaintiff was compensated for this time. *See id.* Throughout her employment with Defendant, Plaintiff would scan a security badge when she entered and left her worksite. *See id.* at ¶ 22. As such, Defendant could readily calculate the hours Plaintiff worked, including the hours worked before and after her scheduled shift. *See id.*; *see also* ¶ 51. Nonetheless, Defendant paid Plaintiff solely based on her scheduled shift and not the actual hours she worked. *See id.* at ¶ 22. On those rare occasions when Plaintiff did receive overtime for hours worked beyond her scheduled shift, Plaintiff was only paid one-half times her regular rate of pay. *See id.* at ¶ 24. And as expressly alleged in the FAC, "Defendant could not properly utilize the FWW method to compensate Plaintiff for overtime at the rate of one-half of her regular rate of pay because Plaintiff was not paid overtime for all overtime hours worked." *Id.* at ¶ 49.

## **STANDARD ON THIS MOTION**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 520 (2d Cir. 2006); *see also Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). To survive a motion to dismiss under 12(b)(6), a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion for judgment on the pleadings, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 457 (2d Cir. 2009) (articulating the standard of review on a motion to dismiss pursuant to Rule 12(b)(6)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). A judgment on the pleadings is appropriate only where all material facts are undisputed and "a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).

## ARGUMENT

### I. THE FLUCTAUTING WORKWEEK METHOD

In relevant part, the Fair Labor Standards Act ("FLSA") provides that employers shall pay their employees at the rate of one and one-half their regular rate of pay for any hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1); *Perez v. Platinum Plaza 400 Leaners, Inc.*, 2015 WL 1881080, at *2 (S.D.N.Y. Apr. 24, 2015). In the case of salaried, rather than hourly employees, there is a presumption under both the FLSA and the New York Labor Law ("NYLL") that "a weekly salary covers only the first forty hours, unless the parties intend and understand the weekly salary to include overtime hours at the premium rate." *Perez*, 2015 UWL 1881080 at *2 (quotation marks and citation omitted).

For those non-exempt employees whose work schedules vary from week-to-week, the Department of Labor has promulgated rules for the use of the FWW method of compensation for

employers to meet the FLSA overtime premium requirements, codified at 29 C.F.R. § 778.114. Specifically, an employer may use the FWW method to pay overtime at the rate of one-half times the employee's regular rate of pay *only if all* five of the following elements are satisfied:

(1) The employee works hours that fluctuate from week-to-week;

(2) The employee receives a fixed salary that does not vary with the number of hours worked in the workweek, whether few or many;

(3) The amount of the employee's fixed salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours the employee works is the greatest;

(4) The employee and the employer have a clear and mutual understanding that the fixed salary is compensation for the total hours worked each workweek regardless of the number of hours; and

(5) The employee receives overtime compensation for all overtime hours worked at a rate of not less than one-half the employee's regular rate of pay for that workweek.

29 C.F.R. § 778.114; *see also Ayers v. SGS Control Services, Inc.*, 2007 WL 646326, at *9 (S.D.N.Y. Feb. 27, 2007) ("The fluctuating workweek method may not be employed unless 'five discrete criteria' are satisfied.").

The FWW, by which "the regular hourly rate is determined by dividing the fixed weekly salary by the number of hours the employee actually works in a particular week . . . stands in contrast to (and offers a smaller recovery than) the standard method for calculating overtime pay to salaried employees." *Yeboah v. Cent. Parking Sys.*, 2007 WL 3232509, at *4, n. 3 (E.D.N.Y. Oct. 31, 2007). Therefore, if the employee does not receive a fifty percent overtime premium in addition to the fixed weekly salary for *all* hours worked in excess of forty during the week, the FWW method may not be used. *See, e.g., Ayers*, 2007 WL 646326, at *12.

Although it appears that there is a split amongst the Circuits (and the Second Circuit Court of Appeals has not yet weighed in) regarding whether the employer or the employee bears the

initial burden to show whether the FWW method is applicable, numerous courts have confirmed that it is the ***employer's*** burden to show that the FWW method applies under the facts of the case. *See Martinez v. Hilton Hotels Corp.*, 930 F. Supp. 2d 508, 528 (S.D.N.Y. 2013); *Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44, 59, n. 17 (D.D.C. 2006); *Stokes v. Norwich Taxi, LLC*, 289 Conn. 465, 481 (2008); *Dingwall v. Friedman Fisher Associates, P.C.*, 3 F. Supp. 2d 215, 221 (N.D.N.Y. 1998); *Monahan v. Chesterfield*, 95 F.3d 1263, 1275 n. 12 (4th Cir. 1996).

## II.   PLAINTIFF SUFFICIENTLY PLEADS CLAIMS FOR VIOLATIONS OF THE FLSA AND NYLL BASED ON DEFENDANT'S IMPROPER USE OF THE FWW METHOD OF CALCULATING OVERTIME

Defendant argues, at this early stage of the proceedings and without the benefit of any discovery whatsoever, that Plaintiff "fails to assert any facts that plausibly suggest that Bloomberg failed to meet the requirements for paying her at the half-time rate sanctioned by the FWW method." *See* Def. Br. at p. 1. In doing so, Defendant impermissibly seeks to cast upon Plaintiff the initial burden of demonstrating the inapplicability of the FWW method. However, as discussed above, numerous courts have confirmed that it is the ***employer's*** burden to show that the FWW method applies under the facts of the case. Defendant has utterly failed to meet this burden because Defendant has not, and cannot, demonstrate that it paid Plaintiff for all overtime hours worked, a prerequisite to the proper application of the FWW method. *See* 29 C.F.R. § 778.114.

Even assuming, *arguendo*, that it is Plaintiff's burden (which it is not), Plaintiff plausibly pleads that Defendant failed to meet the requirements for paying her overtime pursuant to the FWW method.

As Defendant aptly notes, Plaintiff "alleges two distinct violations of the FLSA – first, that Bloomberg failed to pay overtime for all hours worked; and second, that Bloomberg paid overtime using an incorrect half-time rate." Def. Br. at p. 1. Significantly, Defendant only seeks dismissal

of those portions of Plaintiff's First and Second Causes of Action[2] alleging that Defendant failed to pay Plaintiff overtime at the proper rate of one and one-half times Plaintiff's regular rate. Defendant does not seek dismissal of Plaintiff's claims for failure to pay overtime for all hours worked, conceding that Plaintiff plausibly alleges facts supporting this "distinct violation[] of the FLSA." *See id.* Moreover, as Defendant recognizes, it may only utilize the FWW method if all five elements of 29 C.F.R. § 778.114 are satisfied. Accepting the allegations in the Complaint as true, which the Court must in deciding the Motion, Plaintiff sufficiently pleads that Defendant has not met two of the requirement elements for proper application of the FWW.

First, it is undisputed that Plaintiff sufficiently alleges that she did not receive overtime compensation for all overtime hours worked. Indeed, Defendant correctly recognizes that "[i]n Plaintiff's First Cause of Action, she asserts she was not paid overtime for all hours worked . . . ." *See* Def. Br. at p. 6. Defendant makes the same concession with respect to Plaintiff's Second Cause of Action. *See id.* at p. 13. Defendant noticeably does not seek dismissal of Plaintiff's claim for failure to pay overtime for all hours worked, acknowledging that Plaintiff sufficiently pled those causes of action under the FLSA and NYLL. Therefore, Defendant cannot satisfy the fifth element necessary for the proper application of the FWW method of calculating Plaintiff's overtime rate. *See* 29 C.F.R. § 778.114.

Specifically, Plaintiff specifically pleads that she did not "receive[]overtime compensation for ***all*** overtime hours worked." *See id.* (emphasis added). Defendant has not, and cannot, come

---

[2] Plaintiff's First Cause of Action alleges that she was not paid overtime for all hours worked and that her overtime was paid at an incorrect rate in violation of the FLSA. *See* FAC at ¶ 28, 78-88. Plaintiff's Second Cause of Action similarly alleges that she was not paid overtime for all hours worked and that her overtime was paid at an incorrect rate in violation of the NYLL. *See id.* at ¶ 93. Because New York courts have held that the NYLL follows the FLSA in how it calculates statutorily required overtime pay, including the federal regulations regarding use of the FWW method to calculate overtime (*see Anderson v. Ikon Office Solutions, Inc.*, 833 N.Y.S.2d 1, 1 (1st Dep't 2007); *Ramos v. Telgian Corp.*, 176 F. Supp. 3d 181, 194, n. 20 (E.D.N.Y. 2016), Defendant's Motion should be denied as to both the First and Second Cause of Action for the same reasons articulated herein.

forward with evidence sufficient to affirmatively demonstrate that Plaintiff did, in fact, receive overtime compensation for all hours worked. The plain and unambiguous language of the operative regulation makes clear that to utilize the FWW method, the employee must receive overtime compensation for all overtime hours worked, precisely one of Plaintiff's principal allegations in this action.

Separate and apart from the plain and unambiguous language of the regulation, numerous courts, including Defendant's own cited authority, have correctly concluded that that the FLSA requires contemporaneous payment of overtime when the employer seeks to invoke the FWW method. *See, e.g.*, *Stein v. Guardsmark, LLC*, 2013 WL 3809463, at *3, n. 4 (S.D.N.Y. July 23, 2013) (recognizing that overtime must be paid in "the requisite contemporaneous manner" for the FWW method to apply); *Klein v. Torrey Point Group, LLC*, 979 F. Supp. 2d 417, 437 (S.D.N.Y. 2013) ("The regulation explicitly requires that employees receive contemporaneous overtime during their employment"); *Russell v. Wells Fargo & Co.*, 672 F. Supp. 3d 1008, 1012 (N.D. Cal. 2009). Ultimately, because Defendant did not pay Plaintiff overtime for all overtime hours worked, Defendant cannot utilize the FWW method. *See* 29 C.F.R. § 778.114(a)(5).

Seemingly recognizing as such, Defendant's sole argument on this issue is that "Plaintiff fails to allege that she received overtime compensation at a rate of *less than* one-half of her respective regular rate of pay in any workweek." *See* Def. Br. at pp. 10-11 (emphasis in original). This is a gross misreading of the FAC. In actuality, Plaintiff repeatedly alleges throughout the FAC that she was not paid overtime **for all hours worked** and, only on those rare instances when she did get paid overtime, was she paid at one-half her regular rate. *See* FAC at ¶¶ 18, 20-24, 31, 49. For those overtime hours that Plaintiff worked but was not paid, she did not receive overtime compensation at all, let alone at a rate of one-half times her regular rate of pay. As such, Plaintiff

has sufficiently alleged that she did not receive overtime compensation at a rate of less than one-half of her regular rate of pay.

Nonetheless, Defendant grasps onto Plaintiff's allegation regarding those limited instances in which she was paid overtime (albeit at the incorrect rate) as somehow conclusive of the fifth element necessary for the FWW method. Specifically, Defendant contends that "Plaintiff expressly concedes that *on the occasions* she did receive overtime for hours worked beyond her scheduled shift, she was paid at a rate of 'one-half of her regular rate.'" *Id.* at p. 11 (emphasis added) (citations omitted). Defendant's argument is a red herring. The crux of the FAC is that Plaintiff worked a significant amount of overtime for which she was not compensated at all, let alone at one-half of her regular rate. That she received overtime at one-half times her regular rate on those limited occasions in which she was paid overtime does not establish Defendant's satisfaction of the fifth element necessary for application of the FWW, which unambiguously requires payment of overtime compensation for all overtime hours worked.

Defendant's principal cited authority in support – *Geise v. Brunswick Cnty., N. Carolina*, No. 7:05-CV-42-FL, 2006 WL 8439061, at *5 (E.D.N.C. Oct. 23, 2006) (*see* Def. Br. at p. 11) – an out-of-Circuit decision, is entirely inapposite and readily distinguishable. There, the plaintiffs did not argue that they were not paid for all overtime hours worked, like Plaintiff does here. *See Geise*, 2006 WL 8439061 at *5. Rather, in *Geise*, the fifth element of the FWW was "undisputed." *See id.* Moreover, the *Geise* decision was rendered on summary judgment, well after the completion of discovery. *See id.* Therefore, the *Geise* decision, rendered at an entirely different procedural posture by an out-of-Circuit court, is legally and factually distinguishable and should be swiftly disregarded.

Defendant also relies on *Stein v. Guardsmark, LLC*, 2013 WL 3809463 (S.D.N.Y. July 23, 2013) (*see* Def. Br. at pp. 10, 12-13), which actually confirms that Defendant's Motion must be dismissed.  There, after the completion of discovery, the defendant moved for summary judgment dismissing the plaintiff's claims for the defendant's improper use of the FWW method for calculating overtime.  The court, in ultimately granting the defendant's motion, engaged in a detailed analysis of, among other things, "whether Plaintiff did, in fact, receive overtime premiums that satisfy the mechanics of the FWW method.  In other words, did she actually receive a fifty percent overtime premium ***for all hours worked*** in excess of forty (40) during the week.'"  *Id.* at *10 (citations omitted).  In reaching its conclusion, the court reasoned that it reviewed "all of Plaintiff's weekly timesheets", as well as "spreadsheet detailing each individual overtime payment rendered to Plaintiff."  *See id.* at *12.  Only after concluding that Plaintiff "failed to offer record evidence that could lead any reasonable juror to conclude that she was not actually paid all of the overtime to which she was entitled" did the court grant summary judgment and dismiss the plaintiff's claims.

Here, Plaintiff plausibly alleges she did not receive a fifty percent premium for all overtime hours worked.  In fact, Plaintiff plausibly alleges that she did not receive any overtime premium for the vast majority of overtime hours worked.  At this early stage, without the benefit of discovery, the Court cannot determine that Defendant correctly used the FWW method.  Therefore, Defendant's Motion should be denied.

Second, after conceding, as it must, that Plaintiff alleges that she worked according to a set and fixed schedule and that her hours did not materially or meaningfully fluctuate from week-to-week, Defendant next argues that it nonetheless properly used the FWW method because "it does not matter whether employees' *scheduled* hours vary; rather, only their *actual* hours must vary."

*See* Def. Br. at p. 11 (emphasis in original). Defendant's argument misses the mark. Plaintiff alleges that not only did her *scheduled* hours not vary, but that her *actual* hours did not materially vary because even though she routinely worked off-the-clock for Defendant for which she was not paid, the hours that she worked off-the-clock were generally the same from week-to-week. *See* FAC at ¶¶ 18, 21, 29-30. Specifically, Plaintiff alleges that although she was scheduled to work until 5:00 p.m., she regularly worked until 6:00 p.m. *See id.* at ¶ 20. Therefore, neither Plaintiff's *scheduled hours* nor her *actual hours* materially varied from week-to-week.

None of Defendant's cited authorities are relevant or persuasive. For example, Defendant again relies on *Stein* (*see* Def. Br. at p. 12), but that decision is of no legal relevance for the proposition for which Defendant seeks to advance. There, the court held that the *evidence* presented in connection with the defendant's motion for summary judgment, including the plaintiff's time sheets, established that the plaintiff's hours not only fluctuated from week-to-week, but also from day-to-day. *See Stein*, 2013 WL 3809463 at *4 ("Joined to the week-to-week fluctuations in Plaintiff's schedule as revealed in her time sheets, this day-to-day fluctuation bolsters the case for concluding that Plaintiff's schedule fluctuated within the relevant meaning of the term."). The *Stein* court did not address the situation presented here, namely, an employee who routinely works the same or substantially similar hours beyond her scheduled hours. Similarly, Defendant's reliance on *Thomas v. Bed Bath & Beyond Inc.*, 961 F.3d 598 (2d Cir. 2020) (*see* Def. Br. at pp. 8, 11) is misplaced. There, the Second Circuit merely clarified that the FWW method may be utilized regardless of whether the number of hours worked each week fluctuates above and below the FLSA limit (*see Thomas*, 961 F.3d at 611), but did not address the present scenario, where Plaintiff plausibly alleges that she routinely worked the same or substantially similar hours beyond her scheduled hours.

Defendant's remaining authorities fare no better. For example, Defendant relies on *Speer v. Cerner Corp.*, 2015 WL 3541065, at *2-3 (W.D. Mo. June 3, 2015) (*see* Def. Br. at pp. 6, 8), another out-of-Circuit case, where the court was solely confronted with whether the FWW method can be used where an employee exclusively works 40 hours or more per week and does not work less than 40 hours per week. That, however, is not at issue here. Rather, Plaintiff alleges that she was not paid for all overtime hours and for those hours she was paid overtime, it was at the improper rate. Because Plaintiff plausibly alleges that she was not paid for all overtime hours, Defendant's Motion seeking a determination that it properly utilized the FWW method must be denied.

Defendant's reliance on *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245 (S.D.N.Y. 2013) (*see* Def. Br. at pp. 6-7, 9, 13), is likewise misplaced. There, the plaintiff alleged that RadioShack's payment of performance-based bonuses to non-exempt managers precluded the use of the FWW method. *See id.* at 247. Plaintiff here does not argue that the FWW is inapplicable because of bonuses, but because Plaintiff was not actually paid for all overtime hours, an allegation noticeably absent from *Wills*.

Ultimately, Defendant has not met its burden of demonstrating that it appropriately utilized the FWW method to calculate the overtime rate for Plaintiff and members of the proposed class. At best, Defendant's Motion raises issues of fact not properly resolved on a motion for partial judgment on the pleadings, including whether Defendant paid Plaintiff a 50% overtime premium for ***all*** hours worked in excess of forty hours a week and whether Plaintiff's actual hours worked truly fluctuated from week-to-week. *See Siegel v. Bloomberg L.P.*, 2015 WL 223781, at *7 (S.D.N.Y. Jan. 16, 2015) (holding that issues of fact precluded determination as to whether FWW method was properly utilized); *see also O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572,

585-86 (S.D.N.Y. 2013) ("there is a factual dispute as to whether O'Neill worked fluctuating hours from week-to-week . . . [u]nder these circumstances, this Court cannot rule as a matter of law that the FWW methodology applies here."); *Teblum v. Eckerd Corp. of Fla., Inc.*, 2006 WL 288932, at *10 (M.D. Fla. Feb. 7, 2006) (finding "[t]here exists a genuine issue of material fact "on the final requirement of a valid FWW"); *Anderson*, 833 N.Y.S.2d at 1 (finding issues of fact regarding the use of the FWW method as to the plaintiff's claim for overtime wages based on the defendant's alleged violation of the NYLL).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 12, 2022

          McLAUGHLIN & STERN, LLP

          By: */s/ Lee S. Shalov*
            Lee S. Shalov
            Brett R. Gallaway
            Jason S. Giaimo
          260 Madison Ave.
          New York, NY 10016
          Telephone: (212) 448-1100
          lshalov@mclaughlinstern.com
          bgallaway@mclaughlinstern.com
          jgiaimo@mclaughlinstern.com

          *Attorneys for Plaintiff, the FLSA*
          *Collective Class and the New York Class*