UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI DIAZ, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BLOOMBERG, L.P.,<br><br>  Defendant. | Case No.: 1:22-cv-07251-JMF |

**REPLY IN SUPPORT OF DEFENDANT BLOOMBERG L.P.'S
RENEWED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

JONES DAY

Matthew W. Lampe
Terri L. Chase
Kristina A. Yost
Logan S. Kotler
250 Vesey Street
New York, New York 10281
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306
mwlampe@jonesday.com
tlchase@jonesday.com
kyost@jonesday.com
lkotler@jonesday.com

*Attorneys for Defendant Bloomberg L.P.*

## **PRELIMINARY STATEMENT**

Defendant Bloomberg L.P. ("Bloomberg" or "Defendant") respectfully submits this Reply in Support of its Renewed Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). The Court should grant Bloomberg's Motion (Dkt. 29), and reject Plaintiff's arguments in her Opposition (Dkt. 34) for the reasons set forth below.

In her Opposition, Plaintiff does not dispute that on March 1, 2019, she executed a written acknowledgment confirming her understanding that she would be paid in accordance with the fluctuating workweek ("FWW") method. (Dkt. 29, at 9–10; Dkt. 22, Behm Declaration ("Behm Decl."), Ex. A). Nor does she identify any allegations in the Amended Complaint (Dkt. 26, "FAC") disputing that Bloomberg in fact paid her consistently with each element of that acknowledgment. Plaintiff—herself an HR Specialist tasked with, *inter alia*, conducting new employee onboarding (FAC ¶ 16)—does not contest that her own complaint allegations show (i) that she received a fixed salary that did not vary with the number of hours worked in the workweek, whether few or many; (ii) that her salary was sufficient to provide compensation to her at a rate not less than the applicable minimum wage rate; and (iii) that she and Bloomberg had a clear mutual understanding that the fixed salary is compensation for all hours worked each workweek. *See* 29 C.F.R. § 778.114(a)(2), (3) and (4) (West 2020). In her FAC, she concedes that her hours varied from week to week (FAC ¶¶ 18, 20, 24, 26, 27, 29), satisfying 29 C.F.R. § 778.114(a)(1). Finally, she concedes that Bloomberg paid her overtime at a rate of 50% of her regular rate (FAC ¶¶ 24, 27, 35, 51, 53), which satisfies 29 C.F.R. § 778.114(a)(5).

Nonetheless, Plaintiff challenges Bloomberg's satisfaction of 29 C.F.R. § 778.114(a)(1) and (5), claiming that her hours did not *materially* fluctuate (FAC ¶ 29) and that there were hours for which Bloomberg did not pay her overtime at all. (FAC ¶ 49). Neither of these arguments invalidates Bloomberg's use of the FWW method. *First*, the regulation does not require that

hours *materially* fluctuate from week to week. Instead, on its face, the regulation requires merely that they fluctuate. *Second*, Plaintiff's allegations that she worked unpaid overtime hours do not undermine Bloomberg's use of the FWW method. In contending otherwise, Plaintiff selectively cites language from the FWW regulation that, read in context, clearly relates to the requirement that employers pay overtime of at least 50% of the regular rate, as opposed to a lesser rate. Because Plaintiff admits that Bloomberg computed overtime at the 50% rate (FAC ¶¶ 24, 27, 35, 51, 53), her challenge fails. Indeed, if Plaintiff's interpretation were correct, it would result in her receiving compensation far in excess of the rate she agreed to when she became non-exempt. For these reasons, and as further demonstrated herein, Plaintiff's FWW method challenge fails, and the Court should grant Bloomberg's Motion.

## ARGUMENT

As Bloomberg established in its Motion, judgment should be granted on the pleadings because Plaintiff's FAC establishes as a matter of law that the half-time method of overtime payment should apply.[1] In her Opposition, Plaintiff effectively concedes that three of the conditions for use of the FWW method are met, and her arguments contesting Bloomberg's satisfaction of the other two conditions are baseless.

### I. The Fluctuating Workweek Method Applies as a Matter of Law Because Plaintiff's Allegations Establish Her Hours Fluctuated From Week to Week.

Plaintiff argues that FWW method cannot apply because her hours did not "materially or meaningfully" fluctuate from week to week (Opp. at 12–13), but this argument misses the mark. The FWW regulation requires only that the "employee works hours that fluctuate from week to

---

[1] Plaintiff's argument (Opp. at 1–2) that Bloomberg bears the burden of proof as to whether FWW applies is irrelevant because, regardless of which party bears the burden (an unsettled question of law), Plaintiff's own allegations in the FAC conclusively establish that the requirements for use of the FWW method have been met. Likewise, Plaintiff's assertion (Opp. at 14–15) that there are issues of fact that preclude judgment is also erroneous—even on the facts Plaintiff herself has pled, judgment should be granted to Bloomberg as a matter of law.

2

week"—there is no materiality requirement. 29 C.F.R. § 778.114(a)(1). Put simply, "[a]n employee's hours fluctuate when '*they vary, from workweek to workweek.*'" *Stein v. Guardsmark, LLC*, No. 12 Civ. 4739 (JPO), 2013 WL 3809463, at *4 (S.D.N.Y. July 23, 2013) (emphasis added) (quoting *Flood v. New Hanover Cnty.*, 125 F.3d 249, 253 (4th Cir. 1997)).

Plaintiff's own allegations, even if accepted as true, establish that her hours did fluctuate from week to week and thus the requirement is satisfied. (*See, e.g.*, FAC ¶ 20 (alleging Plaintiff began performing work "*between 15 to 30 minutes*" before the start of her scheduled shift "*multiple* times throughout her employment"); ¶ 20 (alleging she worked beyond the end of her shift "*nearly* every day"); ¶ 20 (alleging she "*often* worked until 6 p.m."); ¶ 26 (alleging she worked through lunch "*at least 2 to 3 times* per week"); ¶ 27 (alleging she worked approximately "*30 minutes to 1 hour* after her scheduled shift on at least 4 occasions" in one pay period which resulted in working "an additional 5 to 7 hours" that period); ¶¶ 24, 27 (alleging in a different pay period Plaintiff worked an "additional 8-hour shift") (all emphases added)). This challenge to Bloomberg's use of the FWW method therefore fails.

II. **The Fluctuating Workweek Method Applies as a Matter of Law Because Plaintiff Received Overtime Compensation at a Rate Not Less Than 50% of Her Regular Rate.**

Plaintiff also contends (Opp. at 9–11) that Bloomberg cannot avail itself of the FWW method because Plaintiff was not paid overtime "for *all* overtime hours worked." (FAC ¶¶ 48, 49). More precisely, Plaintiff alleges that Bloomberg "required Plaintiff … to submit a request for overtime for hours worked beyond 40 hours in a week," that the "overtime submission process was intentionally and unduly cumbersome and burdensome," and that "[a]s a result, Plaintiff … [was] disincentivized to report" her overtime and "effectively forced to work for

3

Bloomberg 'off the clock.'" (FAC ¶ 23).[2] Even accepting for purposes of this Motion that Plaintiff worked unpaid overtime or that Bloomberg had actual or constructive knowledge sufficient to be liable for any unpaid overtime, Plaintiff's off-the-clock work allegations do not invalidate use of the FWW method.

*First*, in contending (Opp. at 9–12) that satisfaction of the FWW regulation hinges on payment "for all overtime hours worked," Plaintiff takes these words out of context. The FWW regulation does not contain a standalone requirement for an employer to pay overtime for all overtime hours worked. *See* 29 C.F.R. § 778.114. While the Fair Labor Standards Act ("FLSA") certainly requires this, and failure to pay an employee for all overtime subjects the employer to damages in the form of backpay and potentially liquidated damages, *see* 29 U.S.C. § 216(b), the FWW regulation provision at issue is concerned not with purported failures to pay overtime, but with the *rate* at which, pursuant to the employer's "payroll practice," the employee is paid overtime. 85 Fed. Reg. 34,970, at 34,986 (June 8, 2020) (citing *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013) and *Urnikis-Negro v. Am. Fam. Prop. Servs.*, 616 F.3d 665, 678 (7th Cir. 2010)). This is demonstrated by the full text of the relevant condition (including the language immediately following "all overtime hours worked" that Plaintiff repeatedly and conveniently omits, *see* Opp. at 2, 8, 9, 10, 11, 12, 14):

> (5) The employee receives overtime compensation, in addition to such fixed salary and any bonuses, premium payments, commissions, hazard pay, and additional pay of any kind, for all overtime hours worked <u>at a rate of not less than one-half the employee's regular rate of pay for that workweek</u>.

29 C.F.R. § 778.114(a)(5) (emphasis added). This condition ensures that use of the FWW method comports with the FLSA's minimum overtime premium requirement. *See* 29 U.S.C. §

---

[2] As these allegations make clear, Plaintiff's complaint is that she was not paid for overtime that she did not, allegedly because of the "cumbersome" process, report. Nowhere in the FAC does she allege that Bloomberg failed to pay out overtime that she did report.

4

207(a)(1).  As the condition itself explains: "Payment for overtime hours at not less than one-half such rate satisfies the overtime pay requirement *because such hours have already been compensated at the straight time rate by payment of the fixed salary and non-excludable additional pay*."  29 C.F.R. § 778.114(a)(5) (emphasis added); *accord, e.g.*, *Flood*, 125 F.3d at 252 ("Since the employer has already paid the employee a regular rate of pay for all of the hours that the employee worked, including the overtime hours, it only has to pay an additional one-half time pay premium for the overtime hours.").  Notably, the third condition of the FWW method—which Plaintiff has not challenged in this case—similarly ensures use of the FWW method satisfies the FLSA's minimum hourly wage requirement.  *See* 29 C.F.R. § 778.114(a)(3); *see also, e.g.*, *Flood*, 125 F.3d at 252 (explaining same); *Stein*, 2013 WL 3809463, at *7 (finding third requirement met where the plaintiff's salary was substantially higher than applicable minimum wage laws required).[3]  Here, it is crystal clear from the FAC that Bloomberg pegs its overtime premium to 50% of the regular rate and thus complies with this condition.  (FAC ¶¶ 24, 27, 35, 51, 53; *see also* Behm Decl., Ex. A).

*Second*, in basing her FWW challenge on alleged off-the-clock work and relying on damages computation cases to do so (Opp. at 9–11), Plaintiff improperly conflates the proper computation of damages for unpaid off-the-clock work with the issue of the legal sufficiency of the employer's overtime rate.  The FWW regulation is not concerned with computation of damages.  The "conditions set forth in 778.114 … are intended to govern the use of the fluctuating workweek method as a prospective payroll practice."  *See* 85 Fed. Reg. at 34,986 (citing *Lamonica*, 711 F.3d at 1311 and *Urnikis-Negro*, 616 F.3d at 678).  They say "nothing

---

[3] This is why the FWW method is not an "exception" to the FLSA, but rather "an alternative means by which an employer can determine its employees' regular and overtime rate of pay."  *Flood*, 125 F.3d at 252 (citing *Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 154–55 n.5 (4th Cir. 1996)).

5

about how a court is to calculate damages" when the employer fails to pay an overtime premium. *Id.* (quoting *Urnikis-Negro*, 616 F.3d at 678). Damages resulting from a failure to pay overtime is a distinct issue from whether an employer complied with the FWW regulation as a "prospective payroll practice." *Id.* Plaintiff's allegations of unpaid overtime work do not impact the applicability of the FWW method.

What is more, however, even if damages computation were relevant to FWW applicability, Plaintiff's argument would still fail. This is because where, as here, "an employer has paid straight time compensation for all hours worked in the workweek, the employer's resulting overtime obligation under the Act is *only* an *additional half of the regular rate* for the hours worked in excess of 40 in the workweek." 85 Fed. Reg. at 34,986. The DOL explains that "[t]his general FLSA principle applies *regardless* of whether the specific compensation scheme at issue satisfies the technical requirements of § 778.114," (*i.e.*, the FWW regulation). *Id.* (emphasis added).

Indeed, courts have also consistently held, based on the FWW regulation or separately on the Supreme Court's holding in *Overnight Motor Transp. v. Missel*, 316 U.S. 572, 581 (1942) that the half-time rate is appropriate where, as is undisputed here, an employee has already been paid a fixed salary for all hours worked in a week, regardless of how many, and understood that to be the case. *See, e.g.*, *Ransom v. M. Patel Enter. Inc.*, 734 F.3d 377, 384–87 (5th Cir. 2013) (holding half-time rate applies to damages under *Missel*); *Urnikis-Negro*, 616 F.3d at 672–84 (same); *Lamonica*, 711 F.3d at 1310–12 (same); *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 355–57 (4th Cir. 2011) (same).[4] Indeed, Plaintiff's own cited authority

---

[4] While the Second Circuit has never directly decided the issue, in *Banford v. Entergy Nuclear Operations, Inc.*, the Court's summary order (while not precedential) clearly suggests that it agrees with the weight of authority suggesting the FWW method's half-time rate should apply to any unpaid overtime damages in a case like this one. *See* 649 F. App'x 89, 90–91 (2d Cir. 2016) (summary order) (recognizing that "[e]very one of our sister circuits to

6

from this District held the same. *See Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 438 (S.D.N.Y. 2013) (finding *Missel* provides a separate basis to apply FWW method to damages). While several of the cases cited above are misclassification cases, the reasoning of the DOL and these courts with regard to applying the FWW method's half-time rate to damages computations applies fully to the off-the-clock work context. And the court in *Carlton v. JHook Invs., Inc.*, No. 4:17-cv-00076, 2019 WL 4784801, at *24 n.2 (E.D. Ark. Sept. 30, 2019), found that the FWW method's half-time multiplier in fact applied to damages calculations in an off-the-clock case.

      Plaintiff's position (for which she cites not a single case in support) that a finding of unpaid overtime should invalidate Bloomberg's use of the FWW method would result in an unwarranted, extralegal windfall to Plaintiff. It would be akin to her agreeing to a wage of $15 an hour and then successfully obtaining backpay damages of $45 an hour. Indeed, the Fourth Circuit recognized that paying an employee one-and-one-half times his or her regular rate where an employee had previously agreed to receive a fixed salary covering straight time pay for all hours worked in a workweek would go against "[t]raditional principles of compensatory damages." *Desmond*, 630 F.3d at 356–57. Just like in *Desmond*, any "loss suffered" here would be the 50% premium for overtime hours. *See id.* at 357. Plaintiff's attempt at recovering any unpaid overtime damages at the one-and-one-half rate when she already agreed to be paid using the half-time rate would result in a windfall to her, and would work a significant inequity on Bloomberg after having paid Plaintiff's fixed salary for all of her workweeks—whether she worked few hours or many.

---

consider the question has found that FWW may be used to calculate damages where, as here, employees were misclassified as exempt from the FLSA, with some locating authority in 29 C.F.R. § 778.114 and others relying on *Missel*") (footnote omitted).

In support of her argument, Plaintiff cites only (Opp. at 10) two wholly inapposite cases in which the court held that the FWW regulation does not retroactively apply to damages in *misclassification* cases. *See Klein*, 979 F. Supp. 2d 417; *Russell v. Wells Fargo & Co.*, 672 F. Supp. 2d 1008 (N.D. Cal. 2009). Those cases are inapposite—they both involved employees who had been misclassified as exempt from overtime pay and received no overtime at all. In that scenario, the courts concluded that the FWW regulation could not apply on its face because the employees could not have possibly had the requisite clear mutual understanding that their salaries compensated them for all hours worked, apart from the overtime premium. *See, e.g.*, *Klein*, 979 F. Supp. 2d at 437; *Russell*, 672 F. Supp. 2d at 1013–14.[5] As noted above, the court in *Klein* nevertheless recognized that the half-time method could still have applied if the employee had an appropriately clear mutual understanding, an issue that was disputed.

Here, in stark contrast to those misclassification cases, Plaintiff was a non-exempt employee who does not dispute that she possessed the requisite clear, mutual understanding, and in fact received contemporaneous overtime payments at the 50% rate. (Behm Decl., Ex. A; FAC ¶¶ 51, 53). Thus, regardless of whether the legal authority is 29 C.F.R. § 778.114 or *Missel*, to the extent Plaintiff can prove she has any unpaid overtime, the agreed half-time rate applies.

---

[5] Plaintiff also cites (Opp. at 10) *Stein* as "recognizing" a requirement that overtime be paid in a "contemporaneous manner," but this is taken out of context. In *Stein*, the court specifically *distinguished* misclassification cases. *See Stein*, 2013 WL 3809463, at *3 n. 4. The court explained that "[i]n *that* [misclassification] context, courts have generally concluded … it would have been impossible for the parties to have formed a clear and mutual understanding that the FWW method applied and overtime would not have been paid in the requisite contemporaneous manner." *Id.* (emphasis added). However, as *Stein* was not a misclassification case, the court concluded that "[t]hose considerations *do not bear on the analysis* in this case." *Id.* (emphasis added).

8

**CONCLUSION**

For the foregoing reasons, Bloomberg respectfully requests that this Court grant Bloomberg's Renewed Motion for Partial Judgment on the Pleadings.

| | |
|---|---|
| Dated: December 23, 2022<br>New York, New York | JONES DAY,<br><br>/s/ Kristina A. Yost<br>Matthew W. Lampe<br>Terri L. Chase<br>Kristina A. Yost<br>Logan S. Kotler<br>JONES DAY<br>250 Vesey Street<br>New York, New York 10281<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>mwlampe@jonesday.com<br>tlchase@jonesday.com<br>kyost@jonesday.com<br>lkotler@jonesday.com<br><br>*Attorneys for Defendant*<br>*Bloomberg L.P.* |