## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| **HEIDI DIAZ, on behalf of herself and all others similarly situated,** |
| **Plaintiff,** |
| **v.** |
| **BLOOMBERG, L.P.,** |
| **Defendant.** |

**Case No.: 1:22-cv-07251-JMF**

## STIPULATION AND ~~PROPOSED~~ ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

Discovery in this Litigation (as defined herein) is likely to involve the production of confidential, proprietary, or private information for which special protection from disclosure, and from use for any purpose other than prosecuting this Litigation, may be warranted. Plaintiff Heidi Diaz and any other potential future opt-ins and/or plaintiffs in the Litigation ("Plaintiffs"), and Defendant Bloomberg L.P. ("Bloomberg"), stipulate to and petition the Court to enter the following Stipulation And Order For The Production And Exchange of Confidential Information (the "Stipulation").

WHEREAS, the Court approves the following terms, and IT IS HEREBY ORDERED THAT:

1.      This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that merit confidential treatment.

2.      As used herein:

(a)      "Litigation" shall mean the lawsuit captioned *Diaz v. Bloomberg L.P.*, Case No. 1:22-cv-07251-JMF, that is currently pending in the United States District Court for the Southern District of New York.

(b)      "Confidential Information" shall mean all information (regardless of how it is generated, stored or maintained) or tangible things that contain personal information of current and/or former employees, trade secrets, proprietary business information, sensitive information, or other information that, in the good faith judgment of the party designating the material as confidential, if disclosed, would be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(c)      "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in connection with discovery in this matter.

(d)      "Highly Confidential Information–Attorneys' Eyes Only" shall mean extremely sensitive Confidential Information (such as medical information, bank account information, social security numbers (to the extent not redacted), and trade secrets) that, in the good faith judgment of the party designating the material as Highly Confidential Information–Attorneys' Eyes Only, if disclosed to another party or non-party, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(e)     "Producing Party" shall mean the parties to this Litigation or any third parties producing "Confidential Information" or "Highly Confidential Information–Attorneys' Eyes Only," or the party asserting the confidentiality designation, as the case may be.

(f)     "Receiving Party" shall mean the party to this Litigation or any non-party receiving or possessing "Confidential Information" or "Highly Confidential Information–Attorneys' Eyes Only."

3.     <u>Designation of Confidential Information</u>:  The designating party must designate Disclosure or Discovery Material that the party reasonably believes should be protected from disclosure as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only. Designation in conformity with this Stipulation may be made as follows:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), by affixing, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," to the first page of each document that contains protected material or by any other reasonable means of giving notice of the party's intent to claim protected status of the document in question.

(b)     For deposition testimony or exhibits offered in a deposition, by notifying opposing counsel on the record during, or at the conclusion of, the deposition that the information provided is considered Confidential or Highly Confidential–Attorneys' Eyes Only and that the transcript (or portions thereof) shall be subject to the provisions of this Stipulation; in addition, designation may be made by notifying all counsel in writing of those portions to be treated as such at any time up to twenty (20) days after the final transcript is received by counsel for the party making the designation.  Prior to the expiration of such twenty (20) day period, or until a designation is made by counsel, if such a designation is made in a shorter period of time, all

deposition testimony shall be treated as Confidential Information unless counsel indicates that it shall be treated as Highly Confidential–Attorneys' Eyes Only during this period.

       (c)    For information produced in other forms, by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or by any other reasonable means of providing notice of the designations.

       4.    <u>Procedure for Raising Disagreement With Designation</u>:  In the event a party challenges another party's designation of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, the party wishing to challenge the designation must confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute, pursuant to Local Rule 37.2, with modifications as described in Rule 3(E) of Judge Jesse M. Furman's Individual Rules & Practices in Civil Cases ("Individual Practices").  If the parties' dispute cannot be resolved by the meet-and-confer process, the party wishing to challenge the designation shall promptly file on the Electronic Case Filing ("ECF") system a letter-motion to the Court, no longer than three (3) pages, explaining the nature of the dispute and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three (3) pages, within three (3) business days of the filing of the original letter-motion. The documents or information that are the subject of the Confidential or Highly Confidential–Attorneys' Eyes Only designation shall remain treated as such, under the protection of this Stipulation, pending the Court's decision.  Acceptance by the Receiving Party of material designated as Confidential or Highly Confidential–Attorneys' Eyes Only shall not constitute a concession that any such discovery material is appropriately designated.  All discovery material

designated as Confidential or Highly Confidential–Attorneys' Eyes Only by a Producing Party will be treated as Confidential or Highly Confidential–Attorneys' Eyes Only, unless such designation is changed by mutual agreement of the parties or Court order. Notwithstanding anything herein to the contrary, the Producing Party shall bear the burden of demonstrating that the discovery material is properly designated as Confidential or Highly Confidential-Attorneys' Eyes Only.

5.     <u>Seeking Relief from Designation</u>:  This Confidentiality Order shall not prevent any party from applying to the Court for relief therefrom.  Any ruling that the Court makes in regard to the designation of Disclosure or Discovery Material as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only will be binding on all parties.

6.     <u>Limited Use of Confidential Information</u>:   Any information designated as Confidential Information shall be used by the Receiving Party and its counsel for purposes of this Litigation only and for no other purpose.  Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a)     the parties, including opt-in plaintiffs, so long as disclosure is reasonably necessary for purposes of this Litigation and the parties agree to comply with and be bound by the terms of this Stipulation;

(b)     officers, directors, agents, and employees (including in-house counsel) of Bloomberg whom Bloomberg believes in good faith to have a need to review such documents or information;

(c)     counsel of record for the parties in this Litigation and the legal, clerical, paralegal, or other staff of such counsel;

(d)      expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the hearing of this Litigation or other proceeding herein, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 hereof;

(e)      the author, recipient or custodian of a document or any other person who otherwise possessed or knew the information contained in the document;

(f)      the Court;

(g)      an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 11 hereof;

(h)      witnesses at proceedings in this Litigation and/or deposition witnesses of this Litigation, if furnished, shown, or disclosed in accordance with paragraphs 10 and 11, respectively, hereof;

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)      any other person agreed to in writing by the parties.

7.      <u>Limited Use of Highly Confidential Information–Attorneys' Eyes Only</u>:   Any information designated as Highly Confidential Information–Attorneys' Eyes Only shall only be used by the Receiving Party for purposes of this Litigation and for no other purposes.  Except with the prior written consent of the Producing Party or by order of the Court, Highly Confidential Information–Attorneys' Eyes Only shall not be furnished, shown, or disclosed to any person or entity except to:

(a)     counsel of record for the parties in this Litigation and the legal, clerical, paralegal, or other staff of such counsel;

(b)     expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the hearing of this Litigation or other proceeding herein, provided, however, that such Highly Confidential Information–Attorneys' Eyes Only is furnished, shown, or disclosed in accordance with paragraph 9 hereof;

(c)     the Court;

(d)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 11 hereof;

(e)     witnesses at proceedings in this Litigation and/or deposition witnesses of this Litigation, if furnished, shown, or disclosed in accordance with paragraphs 10 and 11, respectively, hereof;

(f)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(g)     any other person agreed to in writing by the parties.

8.     <u>Confidential Information and Highly Confidential Information–Attorneys' Eyes Only May Not Be Used In Any Other Proceeding</u>:  The parties and their counsel shall not use any information designated as Confidential Information or Highly Confidential Information– Attorneys' Eyes Only in any other agency proceedings, arbitrations, litigations, or other actions, unless such Confidential Information or Highly Confidential Information–Attorneys' Eyes Only

information is produced by Bloomberg in discovery during the course of that particular proceeding, arbitration, litigation, or other action.

9.     <u>Disclosure to Expert Witnesses of Confidential Information and Highly Confidential Information–Attorneys' Eyes Only</u>:   Before any disclosure of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only is made to an expert witness or consultant pursuant to paragraphs 6 or 7 of this Stipulation, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of **<u>Exhibit A</u>** attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining said agreement shall supply a copy to counsel for the other party at the time of the disclosure, except that any agreement signed by an expert or consultant who is not expected to be called as a witness at any hearing or trial is not required to be supplied.

10.     <u>Disclosure at Litigation Proceedings of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only</u>:   Either party may disclose Confidential Information or Highly Confidential Information–Attorneys' Eyes Only during any proceedings in this Litigation before the Court, including through argument or the presentation of evidence; provided, however, the parties must first meet and confer to discuss preserving the confidentiality of any such Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, and if disclosure is contested, the opposing party shall move the Court for the sealing or redaction of information designated as Confidential Information or Highly Confidential Information– Attorneys' Eyes Only.

11.     <u>Use at Deposition of Confidential Information and Highly Confidential Information–Attorneys' Eyes Only</u>:  This Stipulation shall not preclude counsel for the parties from using during any deposition in this Litigation any documents or information that have been

designated as Confidential Information under the terms hereof.  Highly Confidential Information–Attorneys' Eyes Only information may be used at a deposition if the person giving deposition testimony is (i) an individual who has had or who is eligible to have access to the Highly Confidential Information–Attorneys' Eyes Only information by virtue of his or her past or current employment with Bloomberg, or (ii) an individual identified in the Highly Confidential Information–Attorneys' Eyes Only information as the author, addressee, or copy recipient of such information.  The party that has designated information as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only may require the deposition witness or any court reporter who is given access to Confidential Information or Highly Confidential Information–Attorneys' Eyes Only to execute, before being given access to such information, the agreement attached hereto as **Exhibit A**.  Counsel for the party obtaining the agreement shall supply a copy to counsel for the other party.  Before using Highly Confidential Information–Attorneys' Eyes Only information at a deposition, the Receiving Party shall undertake reasonable efforts to notify the Producing Party so that the Producing Party can raise any objections to the deposition witness being able to view Highly Confidential Information–Attorneys' Eyes Only information and/or request that the deposition witness and/or court reporter execute the agreement attached hereto as **Exhibit A**.

12.    <u>Designation of Information Produced by Non-Party</u>:  A party may designate as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, subject to this Stipulation, any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of documents, designation shall be made by notifying all counsel in writing of those documents to be stamped and treated as such at any

time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality.

13.    <u>Inadvertent Failure to Designate Information</u>:  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to make a confidentiality designation under this Stipulation for such material.   Any document or information that may contain Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential Information" or "Highly Confidential Information–Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation.

14.    <u>Extracts and Summaries of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only</u>:  Extracts and summaries of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall also be treated in accordance with the provisions of this Stipulation.

15.    <u>Public Filing</u>:   A party must file any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only materials under seal and redact any information quoted from such materials pursuant to Rule 7(A)-(C) of Judge Furman's Individual Practices. The parties agree to redact from any document filed in the public record all personal information not requiring court approval in accordance with Rule 7(A) of Judge Furman's Individual Practices, including without limitation former and current non-party Bloomberg employees' or job applicants' names, email addresses, home addresses, and phone numbers.  For any other filings

containing Confidential Information or Highly Confidential–Attorneys' Eyes Only information, the Receiving Party shall confer with the Producing Party at least three (3) business days before filing to narrow the scope of the request, in accordance with Rule 7(C)(i) of Judge Furman's Individual Practices.   Pursuant to Rule 7(C)(ii) and (iii) of Judge Furman's Individual Practices, where a party seeks leave to file a document under seal or in redacted form, the party shall file a letter-motion in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, and, contemporaneously, file the document under seal in the respective manner prescribed by Rule 7(C)(ii) and (iii) of Judge Furman's Individual Practices.  If not the party filing such documents, the Producing Party shall file, within three (3) business days after the filing of the aforementioned letter-motion, a letter explaining the need to seal or redact the document.

16.     No Waiver of Right to Object to Production or Disclosure of Information:  The production or disclosure of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall in no way constitute a waiver of any party's right to object to the production or disclosure of other information in this action or in any other action.

17.     No Prejudice to Seek Modification of Stipulation:  This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the applicable law.

18.     Stipulation Is Binding After Conclusion of Litigation:  This Stipulation and its provisions shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Litigation.

19.  <u>No Waiver of Privilege</u>:  Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure or a concession as to the nature of the confidentiality of the documents.

20.  <u>No Waiver of Privilege or Protection / Inadvertent Production of Privileged and Protected Information</u>:  Nothing herein shall require disclosure of information that is protected from discovery by the attorney-client privilege, work product immunity, as an attorney-client communication, or other privilege or immunity.  In accordance with FED. R. EVID. 502(d), the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other proceeding.  This shall be interpreted to provide the maximum protection allowed by FED. R. EVID. 502(d).  If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the inadvertent production.  Once a Receiving Party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three (3) business days of receiving such notice.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Producing Party bears the burden of establishing the privileged or otherwise protected nature

of any inadvertently produced information or materials.  Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials solely to respond to a motion by the Producing Party seeking return or destruction of such information or materials.  If a Receiving Party becomes aware that it is in receipt of information or materials that it knows or reasonably should know are privileged, counsel for the Receiving Party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

21.     <u>Demand from Federal, State, or Local Government; Subpoenas</u>: In the event that any entity or person subject to this Stipulation receives a subpoena, civil investigative demand, or other legal process or request, including, but not limited to any such subpoena, demand, or request from any federal, state, or local government or any of their agencies seeking disclosure or production of any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, such entity or person shall give written notice of such request to all parties within five (5) business days of receipt of the request, shall provide a copy of such subpoena, demand, process, or request to all parties, and shall inform the entity issuing or seeking a court to issue such subpoena, demand, process or request that any such information or documents sought are subject to this Stipulation.  Any entity or person served with a subpoena, demand, process, or request shall not respond to such subpoena for ten (10) business days following service of the subpoena or, if the

Producing Party notifies the person served within such ten (10) business days that it is challenging the subpoena, until such challenge is ruled upon.  For the avoidance of doubt, nothing in this paragraph shall prevent the person served from fully complying with any court order.

   22. <u>Destruction or Return of Confidential Information and Highly Confidential Information–Attorneys' Eyes Only</u>:  The provisions of this Stipulation continue to be binding throughout the Litigation.  At the conclusion of the Litigation, including all appeals, upon the written request of the Producing Party, any Confidential Information and Highly Confidential Information–Attorneys' Eyes Only materials produced, must be returned to the counsel for the Producing Party within thirty (30) days, or else counsel for the Receiving Party must certify in writing within thirty (30) days to counsel of the Producing Party that all Confidential Information and Highly Confidential Information–Attorneys' Eyes Only materials have been destroyed.  The parties understand this Stipulation requires the return or destruction of materials in their originally provided format, whether provided via email, on drives or storage media, or hard copy.  In no event shall any party retain any Confidential Information and Highly Confidential Information– Attorneys' Eyes Only materials at the conclusion of the litigation without the express written permission of the Producing Party.


So Stipulated and Agreed.

Dated: New York, New York
   _____ , 2023

- 14 -

**McLAUGHLIN & STERN, LLP**                    **JONES DAY**

By: _____          By: _____
Jason S. Giaimo                              Matthew W. Lampe
Lee S. Shalov                                Terri L. Chase
Brett R. Gallaway                            Kristina A. Yost
260 Madison Avenue                           Logan S. Kotler
New York, New York 10016                     250 Vesey Street
Tel.: (212) 448-1100                         New York, New York 10281
jgiaimo@mclaughlinstern.com                  Telephone:  (212) 326-3939
lshalov@mclaughlinstern.com                  Facsimile:  (212) 755-7306
bgallaway@mclaughlinstern.com                mwlampe@jonesday.com
                                             tlchase@jonesday.com
*Attorneys for Plaintiff*                    kyost@jonesday.com
                                             lkotler@jonesday.com

                                             *Attorneys for Defendant Bloomberg
                                             L.P.*

IT IS SO ORDERED.

DATED: _____    May 31, 2023
                                             _____
                                             Hon. Jesse M. Furman
                                             United States District Judge


This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

| |
|---|
| HEIDI DIAZ, on behalf of herself and all others similarly situated, |
| Plaintiff, |
| v. |
| BLOOMBERG, L.P., |
| Defendant. |

Case No.: 1:22-cv-07251-JMF

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____ (date).

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that is disclosed to me.

8. I will return all Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from

whom I received the Confidential Information or Highly Confidential Information–Attorneys'

Eyes Only.

        9.     I hereby submit to the jurisdiction of this Court the purpose of enforcement of the

Stipulation in this action.


Dated: _____                    _____