UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI DIAZ, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    -against-<br><br>BLOOMBERG, L.P.,<br><br>          Defendant. | 22-CV-7251 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  On August 31, 2023, Plaintiff Heidi Diaz submitted a letter with the consent of Defendant Bloomberg, L.P., requesting approval of the parties' proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)). In order to determine whether an agreement is fair and reasonable under FLSA and therefore compliant with *Cheeks*, the Court must:

> consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation and quotation marks omitted).

  If the settlement agreement includes a provision for attorney's fees, the Court must "separately assess the reasonableness of plaintiff['s] attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorney's fees] award." *Wolinsky*, 900 F. Supp. 2d at 336.

The Court also must closely scrutinize any release, confidentiality or non-disparagement provisions included in a proposed settlement. *See, e.g.*, *Arango v. Scotts Co., LLC*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019); *Illescas v. Four Green Fields LLC*, No. 20-CV-9426 (RA), 2021 WL 1254252, at *1–2 (S.D.N.Y. Apr. 5, 2021); *Velandia v. Serendipity 3, Inc.*, No. 16-CV-1799 (AJN), 2018 WL 3418776, at *3 (S.D.N.Y. July 12, 2018).

Here, the parties' submission fails to include all necessary information for the Court to evaluate the fairness of the settlement agreement. First, Plaintiff's letter fails to include plaintiff's range of possible recovery so that the Court can evaluate the fairness of the damages to Plaintiff. Second, Plaintiff fails to provide a factual basis for the agreed-upon attorneys' fees. As such, Plaintiff shall provide "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (internal citation omitted). Third, the settlement agreement includes a release provision, but the letter fails to address whether this release is consistent with those that courts have previously approved in FLSA cases.

As such, before approving or rejecting the proposed settlement agreement, the parties are directed to submit the missing information set forth herein **on or before September 22, 2023**.

Dated: September 5, 2023
       New York, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge