# M<small>C</small>L<small>AUGHLIN</small> & S<small>TERN</small>, LLP
**F<small>OUNDED</small> 1898**

**B<small>RETT</small> R. G<small>ALLAWAY</small>**
Partner
bgallaway@mclaughlinstern.com
Direct: (646) 738-6353

260 M<small>ADISON</small> A<small>VENUE</small>
N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10016
(212) 448–1100
F<small>AX</small> (212) 448–0066
www.mclaughlinstern.com

C<small>LARK</small>, N<small>EW</small> J<small>ERSEY</small>
G<small>ARDEN</small> C<small>ITY</small>, N<small>EW</small> Y<small>ORK</small>
M<small>ILLBROOK</small>, N<small>EW</small> Y<small>ORK</small>
N<small>APLES</small>, F<small>LORIDA</small>
W<small>EST</small> P<small>ALM</small> B<small>EACH</small>, F<small>LORIDA</small>
W<small>ESTPORT</small>, C<small>ONNECTICUT</small>

September 21, 2023

**Via ECF**

Honorable Jessica G.L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

    RE: *Diaz v. Bloomberg L.P.*
       Case No. 1: 22-cv-07251 (JGLC)

Dear Judge Clark:

  In accordance with the Court's Order dated September 5, 2023, we write on behalf of Plaintiff Heidi Diaz ("Plaintiff") with the consent of defendant Bloomberg L.P. ("Defendant" or "Bloomberg") to provide the Court with additional information in its assessment of Plaintiff's motion to approve (Dkt. No. 45) (the "Motion") the parties' FLSA settlement agreement (Dkt. 45-1) (the "Agreement").

  *First*, we write to provide additional information on Plaintiff's range of possible recovery. Based on the facts pled in her Complaint, Plaintiff's maximum recovery would be approximately 11 overtime hours each workweek. *See, e.g.*, *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 446 (E.D.N.Y. 2022) ("A plaintiff can show the range of recovery based on, *inter alia*, facts alleged in the Complaint or revealed through discovery." (citation omitted)). If Plaintiff were able to recover damages for 11 hours of overtime each week during the FLSA damages period,[1] Plaintiff asserts that her maximum recovery for unpaid wages and liquidated damages under the FLSA

---

[1] This potential recovery is based solely on Plaintiff's FLSA claims. As described in the Motion, Plaintiff also asserted state law claims under the New York Labor Law ("NYLL"), which date back further than her FLSA claims, and include additional claims for alleged wage notice and wage statement violations under NYLL § 195. As reflected in the Motion and Agreement itself, the parties agreed to resolve Plaintiff's NYLL claims with additional consideration of $11,250 through a separate agreement, which is not subject to Court approval.

McLaughlin & Stern, LLP

Honorable Jessica G.L. Clarke
September 21, 2023
Page 2

would be $47,981.90 using the fluctuating workweek ("FWW") method[2] of calculating overtime.[3] Plaintiff's potential recovery would decrease if she proved an amount of weekly overtime less than 11 hours. For instance, if she were able to prove two hours of unpaid overtime per week, Plaintiff's maximum FLSA damages decrease to $10,593.41. For its part, Bloomberg vehemently disputes that Plaintiff could prove any unpaid overtime.

The agreed-upon FLSA settlement payment of $11,250—exclusive of attorneys' fees—is approximately 23% of the maximum recovery on Plaintiff's FLSA claims under the FWW method, which is in line with the percentage of recovery in other settlements approved by courts in this district and Circuit. *See, e.g.*, *Sanchez v. DPC New York Inc.*, 381 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) (approving settlement payment, exclusive of attorneys' fees, representing 19% of plaintiffs' best-case damages recovery); *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d at 448 (approving payment, exclusive of attorneys' fees, worth 13.8% of plaintiffs' total alleged damages); *Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426 (OTW), 2023 WL 4583652, at *1 (S.D.N.Y. July 18, 2023) (approving payment, exclusive of attorneys' fees, worth 16% of alleged maximum damages recovery); *Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703, 2019 WL 5449061, at *1–2 (S.D.N.Y. Oct. 24, 2019) (approving payment, exclusive of attorneys' fees, worth 4.6% of plaintiff's potential damages recovery). For the reasons described in the Motion (*see* Mot. at 3), this settlement of Plaintiff's FLSA claims is fair and reasonable in light of litigation risks, including the risk that Plaintiff is unable to prove any unpaid overtime at all or a significantly smaller amount of unpaid overtime, and to avoid the time and expense of protracted litigation. *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, No. 19-CIV-1058 (KMK), 2020 WL 5578357, at *4–5 (S.D.N.Y. Sept. 17, 2020) (recognizing that "[c]ourts in this district have noted that factual litigation risks may result in a lower reasonable settlement amount," and collecting cases); *Aguilar v. N & A Prods. Inc.*, 2019 WL 5449061, at *2 (approving settlement of FLSA claim at small fraction of maximum recovery in light of "the potential barriers to Plaintiff obtaining any recovery at trial and the fact that the proposed settlement arose out of arm's length bargaining").

*Second*, as further support for Plaintiff's counsel's attorneys' fees, and as requested by the Court in its September 5, 2023 Order (*see* Dkt. No. 46), attached hereto as Exhibit A are

---

[2] Based on Judge Furman's Memorandum Opinion and Order granting Bloomberg judgment on the pleadings as to Plaintiff's claim that Bloomberg was not entitled to pay overtime at a rate of one-half of Plaintiff's regular rate under the FWW method (*see* Dkt. No. 36), the parties negotiated damages under the FWW method; however, absent a settlement, Plaintiff could challenge that ruling on appeal and contends that, if her appeal were successful, she could recover damages as high as $143,945.70.

[3] To calculate her maximum recovery, Plaintiff estimated 11 hours of unpaid overtime per week during the FLSA limitations period, *i.e.*, from August 25, 2019 through July 6, 2022. Plaintiff's salary in 2019 was $86,000 per year, which translates to a weekly salary of $1,653.85, and an overtime rate of $16.21 per hour under the FWW method. Plaintiff's salary from 2020-2022 was $91,000 per year, which translates to $1,750.00 per week and an overtime rate of $17.16 per hour under the FWW method. Plaintiff's damages calculation includes 16 workweeks with overtime in 2019 (excluding two workweeks for paid-time-off), and 112 workweeks from 2020-2022 (excluding four weeks for paid-time-off and 15 weeks of non-working leave in 2021). Based on these figures, Plaintiff calculated that she is owed $23,990.95 in unpaid overtime wages, plus an equal amount in liquidated damages, *see* 29 U.S.C. § 216(b), for a total of $47,981.90. This does not include interest. *See, e.g.*, *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) ("It is well settled that . . . prejudgment interest may not be awarded in addition to liquidated damages.").

M<small>C</small>L<small>AUGHLIN</small> & S<small>TERN</small>, LLP

Honorable Jessica G.L. Clarke
September 21, 2023
Page 3

contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done as well as all costs expended to date. Plaintiff's counsel has spent 164.05 hours of attorney time on this matter through the date of this letter motion for a total lodestar of $80,451.50 and incurred costs totaling $1,377.00.[4] As indicated in the Motion, Plaintiff's counsels' rates are reasonable and have previously been approved by courts in this Circuit in connection with other FLSA settlements. (*See* Mot. at 4–5). In this case, Plaintiffs' counsel has agreed to accept a significant negative multiplier on our lodestar to reach a settlement that greatly benefits Plaintiff. *See, e.g.*, *Feliciano v. Metropolitan Transportation Authority*, 2020 WL 8991784, at *2 (S.D.N.Y. May 6, 2020) (holding that the attorneys' fees contemplated in the settlement agreement, which represented a negative lodestar multiplier, was fair and reasonable).

***Third***, the release provision in the Agreement is appropriate and consistent with release provisions that courts have previously approved in other FLSA cases. Under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), releases in FLSA settlement agreements must generally be limited to wage and hour claims. 796 F.3d 199 at 206. To that end, courts in the Second Circuit will approve even broad releases in FLSA settlements as long as they are "appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed" and "[do] not seek to exceed the scope of wage-and-hour issues." *Osorio v. Frant Hotel L.L.C.*, No. 20-CV-9583 (OTW), 2023 WL 2919151, at *2 (S.D.N.Y. Apr. 12, 2023) (citations omitted); *see also, e.g.*, *Zorn-Hill*, 2020 WL 5578357, at *7 (similar). In contrast, courts will not approve a release that requires a plaintiff to waive "claims that have no relationship whatsoever to wage-and-hour-issues." *Santos v. YMY Mgmt. Corp.*, No. 20 CIV. 1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (quoting *Fernandez v. 219 Dominican Valle Corp.*, No. 19 Civ. 9513 (JPC), 2021 WL 240721, at *4 (S.D.N.Y. Jan. 25, 2021)).

Here, the release in Paragraph 3 of the Agreement is appropriately limited to wage and hour claims under the FLSA asserted in this case and any additional FLSA claims that arise out of or relate to the facts alleged in this case; indeed, the release here is very similar to FLSA release language approved by courts in this district. *Cf., e.g.*, *Santos*, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (approving release that "only require[d] Plaintiff to release 'claims that were asserted in this [a]ction' and 'any and all claims which could have been asserted under the [FLSA] and [NYLL]'"); *Aboueid v. Trattoria Pesce Pasta Rest. Corp.*, No. 21-CV-10697 (OTW), 2022 WL 17669430 (S.D.N.Y. Dec. 14, 2022) (approving release of claims "include[ing], but . . . not limited to, claims under the [FLSA] . . . the [NYLL], New York wage payment laws, . . . and all civil or statutory wage laws . . ."); *Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *2 (S.D.N.Y. Aug. 6, 2018) (approving plaintiff's release of "any and all . . . claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims"). The release provision is also properly limited to claims arising through the date of execution of the Agreement and does not release any future claims. *Cf., e.g.*, *Del Rio*, 2023 WL 4583652, at *2 (approving release that was "appropriately limited to claims based on

---

[4] These amounts are slightly higher than as reflected in the Motion filed on August 31, to reflect subsequent work performed, including for preparing this supplemental letter.

**MCLAUGHLIN & STERN, LLP**

Honorable Jessica G.L. Clarke
September 21, 2023
Page 4

Plaintiff's employment up to the date the agreement was executed and [did] not seek to exceed the scope of wage-and-hour issues"). Accordingly, the release provision should be approved.

    We thank the Court for its time and consideration of this matter.

                                                Respectfully submitted,

                                                Brett R. Gallaway, Esq.

cc:      Counsel for Defendant (via ECF)

{N0644211.1}