# <u>NON-FLSA SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

This Non-FLSA Settlement Agreement and General Release (this "Agreement") is entered into by and between Heidi Diaz ("Diaz") and Bloomberg L.P. ("Bloomberg") (collectively, the "Parties").

WHEREAS, on August 25, 2022, Diaz commenced a civil action against Bloomberg in the United States District Court for the Southern District of New York, styled Diaz v. Bloomberg L.P., Case No. 1:22-cv-07251 (JGLC) (the "Action") asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

WHEREAS, Diaz's attorneys are Brett R. Gallaway, Jason S. Giaimo, and Lee S. Shalov of McLaughlin & Stern LLP ("Diaz's Attorneys");

WHEREAS, Bloomberg has denied and continues to deny all allegations of wrongdoing asserted by Diaz and specifically denies violating the FLSA or NYLL in any way;

WHEREAS, the Parties understand that any settlement of FLSA claims must be approved by the Court;

WHEREAS, the Parties have resolved Diaz's FLSA claims under a separate settlement agreement, which is subject to court approval (the "FLSA Settlement");

WHEREAS, the Parties desire to fully and expeditiously settle any and all remaining matters between them, including, but not limited to, the matters raised in the Action and not covered by the FLSA Settlement, and all matters arising out of or in any way related to Diaz's employment at Bloomberg;

NOW, THEREFORE, in consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree as follows:

1.    <u>Payment to Diaz</u>.  Within fifteen (15) business days after the Effective Date, as defined in Paragraph 1114, Bloomberg shall provide Diaz with a payment of $11,250.00 ("Gross Payment Amount") through issuance of two checks, as follows:

    (a)    One check made payable to Diaz in the gross amount of $5,625.00, less applicable withholdings and deductions, in full and final settlement of Diaz's NYLL claims for unpaid wages, liability for which Bloomberg specifically disclaims; and

    (b)    A second check made payable to Diaz in the amount of $5,625.00, without withholdings or deductions, in full and final settlement of Diaz's NYLL claims for liquidated damages and interest, liability for which Bloomberg specifically disclaims.

Bloomberg will issue to Diaz an IRS Form W-2 in connection with the payment described in Paragraph 1(a). Bloomberg will issue to Diaz an IRS Form 1099 in connection with the payments described in Paragraphs 1(b) and 2. Diaz agrees that payment of the Gross Payment Amount shall not be considered as a payment of wages for any purpose except for tax purposes as described above with respect to the payment in Paragraph 1(a) and that payment of the Gross Payment Amount shall not affect or trigger any right or obligation under any benefit plan. It is understood and agreed by Diaz that she bears sole and complete responsibility for any and all federal, state, and local taxes, penalties, and interest upon the settlement sums paid to her or on her behalf pursuant to this Agreement. Diaz further agrees to fully indemnify and defend Bloomberg and hold it harmless in the event any federal, state, or local taxing authority asserts against Bloomberg any claim for penalties, interest, unpaid taxes, or failure to withhold taxes in connection with the settlement sums paid pursuant to this Agreement. Diaz acknowledges that neither Bloomberg nor its agents, attorneys, or representatives have made any representations concerning taxability, non-taxability, or tax consequences, if any, of the settlement sums paid.

2.      Payment to Diaz's Attorneys.  Within fifteen (15) business days after the Effective Date, as defined in Paragraph 14, Bloomberg shall provide McLaughlin & Stern LLP with a lump sum payment in the amount of $11,250.00 for attorneys' fees and costs. Bloomberg will issue an IRS Form 1099-MISC to McLaughlin & Stern LLP in connection with such payment.

3.      Waiver and Release of All Claims by Diaz.  In exchange for and as a condition of receipt of the payments and benefits described in this Agreement, Diaz releases and forever discharges Bloomberg, its general partner Bloomberg Inc., and each of their respective parents, subsidiaries, or affiliated entities, and any and all such entities' respective officers, directors, shareholders, partners, joint venturers, current and former employees, consultants, insurers, agents, attorneys, employee benefit plans, predecessors, and successors (collectively "Releasees"), from any and all claims, causes of action, suits, charges, damages, and complaints, whether known or unknown, suspected or unsuspected, asserted or unasserted, relating to any facts, acts, transactions, occurrences, events or omissions occurring prior to the date of Diaz's execution of this Agreement, including but not limited to any claims asserted in the Action or which could have been asserted in the Action, or which otherwise relate to Diaz's employment at Bloomberg. This release of claims is intended to be as broad as the law allows, and includes, but is not limited to, rights arising out of alleged violations of any contracts, express or implied, any covenant of good faith or fair dealing, express or implied, any tort or city or state common law claims, and any claims under any federal, state, city or other governmental statute, regulation, or ordinance, including, without limitation, Title VII of the Civil Rights Act of 1964, Section 1981 of Title 42 of the United States Code, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Employee Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Equal Pay Act, the New York State and City Human Rights Laws, the New York Whistleblower Law, the Pregnancy Discrimination Act, the Worker Adjustment and Retraining Notification Act, the New York State Worker Adjustment and Retraining Notification Act, New York Civil Rights Law, New York Workers' Compensation Law, New York Off-Duty Conduct Lawful Activities

DocuSign Envelope ID: 55A90BE5-48BF-4504-8937-5B34CCB3A24D

Discrimination Law, the New York Labor Law, the New York Minimum Wage Act, the New York Wage Payment Law, the Family and Medical Leave Act, the Families First Coronavirus Response Act, the New York City Earned Sick Time Act, the NY COVID-19 leave law, the New York State Paid Sick Leave Law, and the New York City Fair Workweek Laws, and any other rule, regulations, or ordinance, any public policy, contract, tort, or grievance (including, but not limited to labor grievances).

4.      <u>Age Discrimination In Employment Act Release and Waiver Provisions</u>.  Diaz understands that, in this Agreement, she is releasing claims under the Age Discrimination in Employment Act.  Diaz further acknowledges the following:

(a)     Diaz has read each and every paragraph of this Agreement, and she understands the Agreement's terms and her rights and obligations under those terms;

(b)     In connection with the Agreement, Diaz is not waiving claims that arise after the date that she executes the Agreement;

(c)     The payments set out in Paragraphs 1 and 2 are consideration in exchange for Diaz's release of claims, and are consideration in addition to anything of value to which Diaz is already entitled;

(d)     Diaz is hereby advised to consult with her attorneys about this Agreement prior to executing it;

(e)     Prior to executing this Agreement, Diaz did consult with her attorneys about the Agreement;

(f)     Diaz has been given a period of at least twenty-one (21) days to consider and review this Agreement.

(g)     Diaz will have seven (7) days following the date she executes this Agreement to revoke the Agreement.  If Diaz revokes the Agreement within said seven-day period ("Revocation Period"), neither party shall become bound by its terms.  If Diaz does not revoke the Agreement within the Revocation Period, it will become effective as described in Paragraph 14.  Under no circumstances shall the Agreement become effective or enforceable until the Revocation period has expired.

5.      <u>Claims Not Included In Diaz's Release.</u>  The release set forth above in Paragraphs 3 and 4 does not include any FLSA claims or any claims that legally may not be released.  Further, the release set forth in Paragraphs 3 and 4 does not prevent Diaz from filing a charge, giving testimony or participating in any investigation conducted by the Equal Employment Opportunity Commission ("EEOC") or any duly authorized agency or court of the United States or any state; however, Diaz is waiving the right to any personal monetary recovery or other personal relief should the EEOC (or any other authorized agency) pursue any class or individual charges in part or entirely on her behalf.

6.      <u>Release by Bloomberg</u>. Bloomberg releases and forever discharges Diaz from any and all claims, liabilities, debts, obligations, suits, causes of action, and damages that Bloomberg

has or may have against Diaz as of the date of this Agreement, including without limitation any claims arising from Diaz's employment with Bloomberg.

7. <u>Costs and Attorneys' Fees</u>.  Neither party to this Agreement nor any attorneys acting for, or purporting to act for, the parties to this Agreement may recover or seek to recover any amounts for fees, costs or disbursements relating to the Action from any other party except as expressly provided herein or in the separate FLSA Settlement between the Parties.

8. <u>Non-Admission</u>.  Diaz acknowledges that this Agreement does not constitute an admission by Bloomberg or the other Releasees of any liability whatsoever, but results solely from the desire of the parties to expeditiously resolve Diaz's claims, and that Bloomberg and the other Releasees deny all allegations of violation of any law, statute, ordinance, regulation, common law, or contract.

9. <u>Consultation with Counsel</u>.  Diaz and Bloomberg represent and agree that they fully understand their right to discuss all aspects of this Agreement with their attorneys and that they have exercised that right.

10. <u>No Other Claims</u>.  Diaz represents that, apart from the Action, she has not filed any other claims, charges, lawsuits or grievances against Bloomberg or any of the Releasees with any court or government agency.

11. <u>No Future Employment</u>.  Diaz understands and agrees that she will not apply for or otherwise seek to be hired, re-hired, employed, re-employed, assigned, or reinstated by Bloomberg or Releasees.  Violation of this Paragraph shall be sufficient grounds to deny or terminate employment with Bloomberg or Releasees.

12. <u>Non-Disparagement</u>.  Subject to Paragraph 13 of this Agreement regarding Permitted Disclosures, Diaz represents that Diaz has not, and agrees that Diaz will not, (i) in a way that is disloyal, reckless, or maliciously untrue under National Labor Relations Act ("NLRA") legal standards (A) disparage the products or services of any Releasee (as defined above) or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against the products or services of any Releasee or (B) disparage any Releasee, or (ii) defame or disparage any specifically named or identifiable current or former employee, officer, director, partner, shareholder, or agent, or make any defamatory or disparaging comments, statements, or the like, to the media, to current or former employees or to others, about any specifically named or identifiable current or former employee, officer, director, partner, shareholder, or agent.

13. <u>Permitted Disclosures</u>.  Nothing in this Agreement shall be construed to prevent or interfere with Diaz's right to do any of the following (each, a "Permitted Disclosure"), provided that in doing so Diaz takes appropriate steps to protect Bloomberg's trade secrets consistent with the provisions of this paragraph: (i) make any filing with the EEOC, the National Labor Relations Board ("NLRB"), or any similar federal, state or local agency enforcing anti-discrimination laws, or participate in any investigation or proceeding conducted by any such agency, provided that Diaz shall not, except in the context of any potential disputes before the NLRB, be entitled to any monetary or other relief for Diaz's own benefit in connection

4

with any such filing, investigation or proceeding; (ii) report in good faith any actual or suspected violations of law, regulation, or public policy to a relevant governmental or criminal or civil law enforcement agency; (iii) participate in such agency's whistleblower program, if any, and collect an award from such agency (if any is available) in connection with such report or participation; (iv) disclose in good faith conduct which Diaz considers to have been violative of anti-harassment or anti-discrimination laws; (v) self-organize, form, join, or assist labor organizations, to bargain collectively through representatives of Diaz's own choosing, or to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection (including discussing terms and conditions of employment with Bloomberg with current or former co-workers, and assisting current or former coworkers with matters relating to the workplace or Bloomberg), or from refraining from any or all such activities; or (vi) speak with an attorney retained by Diaz.  To be clear, individuals covered by the NLRA are permitted to discuss the terms and conditions of employment with co-workers, the media, or others for mutual aid or protection.  While Diaz is obligated to take reasonable steps to protect Bloomberg's trade secrets, in accordance with the Defense of Trade Secrets Act, Diaz shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that is made in confidence to a federal, state, or local government official or to an attorney solely for the purpose of reporting or investigating a suspected violation of law.  In addition, Diaz shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.  An individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual files any document containing the trade secret under seal; and does not disclose the trade secret, except pursuant to court order.

14. <u>Effective Date</u>.  For all purposes, including the triggering of payments under Paragraphs 1 and 2 of this Agreement, the Effective Date of this Agreement shall be defined as the business day after the last of the following events, each of which is a material condition of this Agreement, occur: (a) Diaz fully executes this Agreement and returns it to counsel for Bloomberg; (b) Diaz and Diaz's Attorneys provide a completed IRS Form W-9; (c) the Revocation Period expires without Diaz revoking this Agreement; (d) the Parties fully execute the FLSA Settlement; and (e) the Court approves the FLSA Settlement and enters the Stipulation and Order of Dismissal with Prejudice in the form attached to the FLSA Settlement as Exhibit A.

15. <u>Ownership of Claims</u>.  Diaz hereby warrants and represents that she owns all of her claims that are the subject of this Agreement and that Diaz has the sole and exclusive right to settle and compromise such claims.

16. <u>Governing Law</u>.  This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New York to the extent that Federal law does not govern.

17. <u>No Representations</u>.  Diaz represents and acknowledges that, in executing this Agreement, she has not relied upon any representation or statement not set forth herein made by

Bloomberg or by any of Bloomberg's agents, representatives, or attorneys.

18.  <u>Binding Agreement</u>.   This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them.

19.  <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable (except any or all portions of Paragraphs 3, 4, and 7), the other paragraphs shall remain fully valid and enforceable.

20.  <u>No Waiver</u>.  The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or of the right thereafter to enforce each and every term of this Agreement.

21.  <u>Non-Use</u>.  This Agreement may not be used as evidence in any subsequent proceeding of any kind (without Bloomberg's written consent), except in a proceeding in which either party alleges a breach of this Agreement, or as required by law.

22.  <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, each of which counterparts shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.  Faxes and electronically transmitted copies shall be deemed originals.

23.  <u>Sole and Entire Agreement</u>.  Except as provided herein, this Agreement sets forth the entire agreement between the Parties hereto regarding the subject matter hereof and fully supersedes any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof.  This Agreement may be modified only in writing signed by Diaz and Bloomberg.

***PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE EXECUTING. THIS AGREEMENT INCLUDES A GENERAL RELEASE OF KNOWN AND UNKNOWN CLAIMS.***

Dated: 8/31/2023 _____

Bloomberg L.P.

By: *Matthew Asman* _____
CDB9062FA376452...

Title: Employment Counsel _____

Dated: 8/31/2023 _____

*Heidi Diaz*
834E8D4B8391413...

Heidi Diaz