UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI DIAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Bloomberg, L.P.,<br><br>Defendant. | Case No.: 1:22-cv-07251-JGLC |

### SETTLEMENT AGREEMENT AND RELEASE OF WAGE-HOUR CLAIMS

This Settlement Agreement and Release of Wage-Hour Claims (this "Settlement Agreement") is made by and between Plaintiff Heidi Diaz ("Diaz") and Defendant Bloomberg L.P. ("Bloomberg" or "Defendant"). Diaz and Bloomberg collectively are referred to as the "Parties" in this Settlement Agreement.

### Recitals

On August 25, 2022, Diaz commenced a civil action against Bloomberg in the United States District Court for the Southern District of New York, styled *Diaz v. Bloomberg L.P.*, Case No. 1:22-cv-07251 (JGLC) (the "Action") asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including claims alleging failure to pay for all overtime hours worked, payment of overtime at an improper rate, and wage notice and wage statement violations. Diaz's attorneys are Brett R. Gallaway, Jason S. Giaimo, and Lee S. Shalov of McLaughlin & Stern LLP ("Diaz's Attorneys").

Through this Settlement Agreement, the Parties seek to resolve, subject to the Court's approval, Diaz's claims in the Action.

The Parties engaged in good faith, arms-length negotiations to arrive at a fair, adequate, and reasonable resolution of Diaz's claims. Diaz and Diaz's Attorneys believe that the settlement provided in this Settlement Agreement is in the best interest of Diaz and represents a fair, reasonable, and adequate resolution of her claims in the Action.

Based on these recitals, the Parties agree as follows:

1. <u>Payment to Plaintiff</u>.  Within fifteen (15) business days after the Effective Date, as defined in Paragraph 7, Bloomberg shall provide Diaz with a payment of $22,500.00 ("Gross Payment Amount") through issuance of two checks, as follows:

   (a) One check made payable to Diaz in the gross amount of $11,250.00, less applicable withholdings and deductions, in full and final settlement of Diaz's

1

          FLSA and NYLL claims for unpaid wages, liability for which Bloomberg specifically disclaims; and

(b)     A second check made payable to Diaz in the amount of $11,250.00, without withholdings or deductions, in full and final settlement of Diaz's FLSA and NYLL claims for liquidated damages and interest, liability for which Bloomberg specifically disclaims.

      Bloomberg will issue to Diaz an IRS Form W-2 in connection with the payment described in Paragraph 1(a). Bloomberg will issue to Diaz an IRS Form 1099 in connection with the payments described in Paragraphs 1(b) and 2. Diaz agrees that payment of the Gross Payment Amount shall not be considered as a payment of wages for any purpose except for tax purposes as described above with respect to the payment in Paragraph 1(a) and that payment of the Gross Payment Amount shall not affect or trigger any right or obligation under any benefit plan. It is understood and agreed by Diaz that she bears sole and complete responsibility for any and all federal, state, and local taxes, penalties, and interest upon the settlement sums paid to her or on her behalf pursuant to this Settlement Agreement. Diaz further agrees to fully indemnify and defend Bloomberg and hold it harmless in the event any federal, state, or local taxing authority asserts against Bloomberg any claim for penalties, interest, unpaid taxes, or failure to withhold taxes in connection with the settlement sums paid pursuant to this Settlement Agreement. Diaz acknowledges that neither Bloomberg nor its agents, attorneys, or representatives have made any representations concerning taxability, non-taxability, or tax consequences, if any, of the settlement sums paid.

2.     <u>Payment to Plaintiff's Attorneys</u>. Within fifteen (15) business days after the Effective Date, as defined in Paragraph 7, Bloomberg shall provide McLaughlin & Stern LLP with a lump sum payment in the amount of $22,500.00 for attorneys' fees and costs. Bloomberg will issue an IRS Form 1099-MISC to McLaughlin & Stern LLP in connection with such payment.

3.     <u>Release of Wage-Hour Claims by Diaz</u>. Diaz releases and forever discharges Bloomberg, its general partner Bloomberg Inc., and each of their respective parents, subsidiaries, or affiliated entities, and any and all such entities' respective officers, directors, shareholders, partners, joint venturers, current and former employees, consultants, insurers, agents, attorneys, predecessors, employee benefit plans, predecessors, and successors (collectively, "Releasees") from any and all claims under the FLSA, the NYLL, or that otherwise arise out of any federal, state, local, or other governmental statute, regulation, ordinance, or common law regarding payment of wages or overtime pay, minimum wage, wage payments, failure to pay for all hours worked, failure to provide wage statements, failure to provide wage notices, and penalties for any of the foregoing (collectively, the "Wage-Hour Claims") that Diaz has or may have to date based on acts, failures to act, or events that occurred on or before the date Diaz signs this Settlement Agreement. This release of Wage-Hour Claims includes, but is not limited to, those Wage-Hour Claims asserted in the Action and all Wage-Hour Claims that arise out of or relate to the facts alleged in the Action.

2

4. <u>Non-Admission</u>.  Diaz acknowledges that this Settlement Agreement does not constitute an admission by Bloomberg or the other Releasees of any liability whatsoever, but results solely from the desire of the parties to expeditiously resolve Diaz's claims, and that Bloomberg and the other Releasees deny all allegations of violation of the FLSA, NYLL, or any other law, statute, ordinance, regulation, common law, or contract.

5. <u>Dismissal with Prejudice</u>. By executing this Settlement Agreement, Diaz instructs Diaz's Attorneys to take all steps necessary to obtain the dismissal with prejudice of the Action.  As such, upon full execution of this Settlement Agreement, Diaz's Attorneys and counsel for Bloomberg will take all steps necessary to request the Court's approval of this Settlement Agreement and entry of the Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit A.  This Settlement Agreement is conditioned on the Court's approval and entry of a Stipulation and Order of Dismissal with Prejudice in the form attached hereto as Exhibit A.  Diaz waives any and all rights to appeal from the entry of any Order of dismissal with prejudice.

6. <u>Costs and Attorneys' Fees</u>.  Neither party to this Settlement Agreement nor any attorneys acting for, or purporting to act for, the parties to this Settlement Agreement may recover or seek to recover any amounts for fees, costs, or disbursements relating to the Action from any other party except as expressly provided herein .

7. <u>Effective Date</u>.  For all purposes, including the triggering of payments under Paragraphs 1 and 2 of this Settlement Agreement, the Effective Date of this Settlement Agreement shall be defined as the business day after the last of the following events, each of which is a material condition of this Settlement Agreement, occur: (a) Diaz fully executes this Settlement Agreement and returns it to counsel for Bloomberg; (b) Diaz and Diaz's Attorneys provide a completed IRS Form W-9; (c) the Court approves this Settlement Agreement; and (d) the Court approves and enters the Stipulation and Order of Dismissal with Prejudice in the form attached hereto as Exhibit A.

8. <u>Consultation with Counsel</u>.  Diaz and Bloomberg represent and agree that they fully understand their right to discuss all aspects of this Settlement Agreement with their attorneys and that they have exercised that right.

9. <u>Ownership of Claims</u>.  Diaz hereby warrants and represents that she owns all of her claims that are the subject of this Settlement Agreement, including any and all of her Wage-Hour Claims arising from or relating to the Action, and that Diaz has the sole and exclusive right to settle and compromise such claims.

10. <u>Non-Disparagement by Diaz</u>.

    (a) Subject to Paragraph 10(b) of this Agreement regarding Permitted Disclosures, Diaz represents that Diaz has not, and agrees that Diaz will not, (i) in a way that is disloyal, reckless, or maliciously untrue under National

3

    Labor Relations Act ("NLRA") legal standards (A) disparage the products or services of any Releasee (as defined above) or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against the products or services of any Releasee or (B) disparage any Releasee, or (ii) defame or disparage any specifically named or identifiable current or former employee, officer, director, partner, shareholder, or agent, or make any defamatory or disparaging comments, statements, or the like, to the media, to current or former employees or to others, about any specifically named or identifiable current or former employee, officer, director, partner, shareholder, or agent.

(b)  <u>Permitted Disclosures</u>.  Nothing in this Agreement shall be construed to prevent or interfere with Diaz's right to do any of the following (each, a "Permitted Disclosure"), provided that in doing so Diaz takes appropriate steps to protect Bloomberg's trade secrets consistent with the provisions of this paragraph: (i) make truthful statements concerning her experience litigating this Action or the facts underlying her claims; (ii) make any filing with the EEOC, the National Labor Relations Board ("NLRB"), or any similar federal, state or local agency enforcing anti-discrimination laws, or participate in any investigation or proceeding conducted by any such agency, provided that Diaz shall not, except in the context of any potential disputes before the NLRB, be entitled to any monetary or other relief for Diaz's own benefit in connection with any such filing, investigation or proceeding; (iii) report in good faith any actual or suspected violations of law, regulation, or public policy to a relevant governmental or criminal or civil law enforcement agency; (iv) participate in such agency's whistleblower program, if any, and collect an award from such agency (if any is available) in connection with such report or participation; (v) disclose in good faith conduct which Diaz considers to have been violative of anti-harassment or anti-discrimination laws; (vi) self-organize, form, join, or assist labor organizations, to bargain collectively through representatives of Diaz's own choosing, or to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection (including discussing terms and conditions of employment with Bloomberg with current or former co-workers, and assisting current or former coworkers with matters relating to the workplace or Bloomberg), or from refraining from any or all such activities; or (vii) speak with an attorney retained by Diaz.  To be clear, individuals covered by the NLRA are permitted to discuss the terms and conditions of employment with co-workers, the media, or others for mutual aid or protection.  While Diaz is obligated to take reasonable steps to protect Bloomberg's trade secrets, in accordance with the Defense of Trade Secrets Act, Diaz shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that is made in confidence to a federal, state, or local government official or to an attorney solely for the purpose of reporting or investigating a suspected violation of law.  In addition, Diaz shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that is made in a complaint or other document

4

       filed in a lawsuit or other proceeding, if such filing is made under seal. An individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual files any document containing the trade secret under seal and does not disclose the trade secret, except pursuant to court order.

11. <u>Non-Disparagement by Bloomberg</u>. Bloomberg agrees to instruct Eddy Carta, Jennifer Behm, and Kate Wheatley (Diaz's former direct and indirect managers), to not make any defamatory or disparaging comments verbally, electronically, or in writing concerning Diaz; provided, however, nothing in this Agreement shall prevent or interfere with these individuals' ability to make truthful statements concerning their experiences litigating this Action or the facts underlying Diaz's claims.

12. <u>Governing Law</u>. This Settlement Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New York to the extent that Federal law does not govern.

13. <u>No Representations</u>. Diaz represents and acknowledges that, in executing this Settlement Agreement, she has not relied upon any representation or statement not set forth herein made by Bloomberg or by any of Bloomberg's agents, representatives, or attorneys.

14. <u>Binding Agreement</u>. This Settlement Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them.

15. <u>Severability</u>. If any provision of this Settlement Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Settlement Agreement will remain in full force and effect, except that if Paragraphs 3 or 6 of this Settlement Agreement are held to be void, voidable, unlawful or unenforceable, then Bloomberg, at its sole option, may rescind this Settlement Agreement and recover from Diaz the payments made under this Settlement Agreement.

16. <u>No Waiver</u>. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Settlement Agreement shall not be a waiver of such terms or of the right thereafter to enforce each and every term of this Settlement Agreement.

17. <u>Counterparts</u>. This Settlement Agreement may be executed in two or more counterparts, each of which counterparts shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument. Faxes and electronically transmitted copies shall be deemed originals.

18. <u>Sole and Entire Agreement</u>. Except as provided herein, this Settlement Agreement sets forth the entire agreement between the Parties hereto regarding the subject matter hereof and fully supersedes any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof. This Settlement Agreement may be modified only in writing signed by Diaz and Bloomberg.

Dated: 1/31/24

Bloomberg L.P.

By: _____
Matthew Asman
Title: Employment Counsel

Dated: 1/31/2024

_____
Heidi Diaz